James A. HIXON, Appellant,

v.

UNITED STATES of America, Appellee.

No. 6064.

United States Court of Appeals
Tenth Circuit.

June 25, 1959.

John J. Dunn, Denver, Colo., for appellant.

Jack Parr, Asst. U. S. Atty., Edmund, Okl. (Paul W. Cress, U. S. Atty., and Erwin A. Cook, Asst. U. S. Atty., Oklahoma City, Okl., on the brief), for appellee.

Before MURRAH, PICKETT, and BREITENSTEIN, Circuit Judges.

PER CURIAM.

Appellant Hixon seeks the correction of an allegedly illegal 25-year sentence imposed under a one count indictment charging the robbery of a national bank,

accompanied by the use of dangerous weapons putting in jeopardy the lives of employees of the bank.

 At the outset we are confronted with procedural difficulties. Ostensibly, the appellant moved under Rule 35, F.R.Crim.P., 18 U.S.C., to correct an illegal sentence. This is a motion in the original case and the time for appeal is governed by Rule 37(a) (2). As it was not filed within such time, the appeal is too late unless the motion may be considered as an application under 28 U.S.C. § 2255 which is an independent civil suit with the appeal time controlled by Rule 73(a), F.R.Civ.P., 28 U.S.C.[1] As the appellant is in custody under the sentence of which he complains and as he asserts that such sentence violates the laws of the United States and is in excess of the maximum authorized by law, we shall treat the motion as an application for relief under § 2255 and the appeal as timely.

 The offense was committed and the sentence imposed in 1946. The then applicable bank robbery statutes were 12 U.S.C. §§ 588b(a) and 588b(b).[2] Section 588b(a) covered bank robbery and fixed the imprisonment at not more than 20 years. Section 588b(b) covered bank robbery by one who put in jeopardy the life of any person by the use of a dangerous weapon and authorized imprisonment of not more than 25 years.

The indictment charges bank robbery accompanied by the use of dangerous weapons putting in jeopardy the lives of employees of the bank. The following notation appears on the indictment below the caption and above the charge:

"Indictment

Violating:

Section 588b(a), Title 12, U.S.C.A."

The contention is that the indictment covers an offense under § 588b(a) with a 20-year maximum and hence the 25-year sentence is illegal. The answer is found in Rule 7(c), F.R.Crim.P., which provides that error in a statutory citation in an indictment or information is not ground for dismissal or reversal of a conviction if the error did not mislead the defendant to his prejudice. Here the body of the indictment properly charges a violation of § 588b(b) by a bank robbery in which a dangerous weapon was used with jeopardy to human life. Appellant was represented by admittedly able counsel. The statement of the offense charged was sufficient and the failure to cite the correct statute could not have misled appellant to his prejudice.[3]

 It is further argued that the judgment of commitment is void on its face because of a notation in the upper right-hand corner reading "violation of U.S.C. Title 12, Sec. 588b(a)." In the body the offense is referred to as "robbery of a National Bank, accompanied by use of dangerous weapons." Such marginal notes are no part of the sentence and have no bearing on its validity.[4] Even if the erroneous notation be considered a defect or irregularity, it does not affect any substantial rights of the appellant and, by the provisions of Rule 52(a), F.R.Crim.P., shall be disregarded.

Affirmed.

1. Heflin v. United States, 358 U.S. 415, 418, note 7, 79 S.Ct. 451, 453, note 7, 3 L.Ed.2d 407.

2. Now recodified. See 18 U.S.C. §§ 2113(a) and 2113(d).

3. Kersten v. United States, 10 Cir., 161 F.2d 337, 339, certiorari denied 331 U.S. 851, 67 S.Ct. 1744, 91 L.Ed. 1859; Thornburg v. United States, 10 Cir., 164 F.2d 37, 38; Morland v. United States, 10 Cir., 193 F.2d 297, 298.

4. Buckner v. Hudspeth, 10 Cir., 105 F.2d 393, 395.