UNITED STATES of America,
Petitioner-Appellee,

v.

Frank SANTORA, Jr.,
Respondent-Appellant.

No. 83–2092
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

July 18, 1983.

## 42

Frank Santora, Jr., pro se.

James R. Gough, John M. Potter, Asst. U.S. Attys., Houston, Tex., for petitioner-appellee.

Before CLARK, Chief Judge, POLITZ and HIGGINBOTHAM, Circuit Judges.

POLITZ, Circuit Judge:

Convicted of conspiracy, 18 U.S.C. § 371, and of interstate transportation of stolen securities, 18 U.S.C. § 2314, Frank Santora was sentenced to two consecutive three-year sentences. His conviction was affirmed on direct appeal. *United States v. Santora*, 619 F.2d 1052 (5th Cir.), *cert. denied*, 449 U.S. 954, 101 S.Ct. 360, 66 L.Ed.2d 219 (1980). Santora subsequently moved *pro se* under Fed.R.Crim.P. 35 for an order vacating his sentences, contending that the consecutive sentences violated the double jeopardy clause of the fifth amendment. Santora maintains that the two sentences constituted double punishment for a single offense. Relief was denied without a hearing on January 31, 1983; Santora appealed on February 15, 1983.

■ We *sua sponte* examine our jurisdiction to entertain this appeal for "it is incumbent upon federal courts—trial and appellate—to constantly examine the basis of jurisdiction, doing so on our own motion if necessary." *Save The Bay, Inc. v. United States Army*, 639 F.2d 1100, 1102 (5th Cir. 1981). An appeal from a ruling on a Rule 35 motion, considered part of the original criminal proceeding, must be taken within ten days. *United States v. Scott*, 672 F.2d 454 (5th Cir.1982). If Santora's appeal merely challenged the denial of relief under Rule 35, it would have to be dismissed as untimely filed. *Birl v. Estelle*, 660 F.2d 592 (5th Cir.1981). If, however, the appeal is taken as a § 2255 challenge to denial of relief, it would be timely. Fed.R.App.P. 4(a).

■ Although similar, Rule 35 and § 2255 are not coterminous. Assuming petitioner is in custody, however, both provide a vehicle for attacking an illegal sentence. Mindful of the liberality accorded *pro se* filings, we therefore elect to construe Santora's ill-styled Rule 35 pleading as a request for relief under § 2255. In so doing we join our colleagues in several other circuits. *United States v. Brown*, 413 F.2d 878 (9th Cir.1969), *cert. denied*, 397 U.S. 947, 90 S.Ct. 965, 25 L.Ed.2d 127 (1970) (motion under Rule 35 or for *coram nobis* treated as § 2255 motion); *Jones v. United States*, 400 F.2d 892 (8th Cir.1968), *cert. denied*, 394 U.S. 991, 89 S.Ct. 1480, 22 L.Ed.2d 766 (1969) (motion for correction of sentence treated as § 2255 motion); *Hixon v. United States*, 268 F.2d 667 (10th Cir.1959) (rule 35 motion treated as § 2255 petition); *see* 2 C. Wright, Federal Practice & Procedure: Criminal 2d § 584 (1982).[1]

■ We turn, then, to the merits of Santora's double jeopardy claim. The district court rejected the claim without a hearing. Section 2255 requires a hearing unless the motion, files, and record of the case conclusively show that no relief is appropriate. *See* Rule 4(b) of the Rules Governing Section 2255 Cases. Finding the complaint devoid of factual or legal merit, as discussed *infra*, no hearing is necessary. *United States v. Bondurant*, 689 F.2d 1246 (5th Cir.1982); *United States v. McCollom*, 664 F.2d 56 (5th Cir.1981).

■ It is well established that a single transaction may support convictions for

---

1. As a general proposition, review of the merits of a federal prisoner's claim is not circumscribed by the label attached. *Andrews v. United States*, 373 U.S. 334, 83 S.Ct. 1236, 10 L.Ed.2d 383 (1963). *See Heflin v. United States*, 358 U.S. 415, 79 S.Ct. 451, 3 L.Ed.2d 407 (1959). Because the essence of the pleading controls, titling and erroneous citation of authority have been ignored. *United States v.* *Hay*, 702 F.2d 572 (5th Cir.1983) (defendant's sentence completed, § 2255 petition treated as a petition for writ of error *coram nobis*); *United States v. Coke*, 404 F.2d 836 (2d Cir.1968) (§ 2255 motion reviewed under standards of Rule 35); *Duggins v. United States*, 240 F.2d 479 (6th Cir.1957) (petition under § 2255, relief granted under Rule 35).

separate offenses proscribed by different statutes. *See Missouri v. Hunter,* —— U.S. ——, 103 S.Ct. 673, 74 L.Ed.2d 535 (1983); *Albernaz v. United States,* 450 U.S. 333, 101 S.Ct. 1137, 67 L.Ed.2d 275 (1981); *Whalen v. United States,* 445 U.S. 684, 100 S.Ct. 1432, 63 L.Ed.2d 715 (1980). The determinant, as announced by the Supreme Court in *Blockburger v. United States,* 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932), "is whether each [criminal statute] requires proof of a fact which the other does not." If the two crimes are factually distinguishable, the *Blockburger* test is satisfied despite substantial overlap in the evidence offered to prove a defendant's guilt of the two offenses. *See Iannelli v. United States,* 420 U.S. 770, 95 S.Ct. 1284, 43 L.Ed.2d 616 (1975); *United States v. Rodriguez,* 612 F.2d 906 (5th Cir.), *cert. denied,* 449 U.S. 835, 101 S.Ct. 108, 66 L.Ed.2d 41 (1980).

■ The two statutory provisions before us, §§ 371 and 2314, mandate proof of different facts. Conspiracy requires proof of an agreement or combination to commit an offense; that element is not germane to a charge of transporting stolen securities in interstate commerce. *Downing v. United States,* 348 F.2d 594 (5th Cir.), *cert. denied,* 382 U.S. 901, 86 S.Ct. 235, 15 L.Ed.2d 155 (1965). Actual transportation in interstate commerce is necessary for a § 2314 charge; such is not relevant to the crime of conspiracy. That the conspiracy relates to the offense charged in the substantive count is immaterial. Since each statute demands proof of facts which the other does not, separate sentences were properly imposed. *Iannelli v. United States; United States v. Ocanas,* 628 F.2d 353 (5th Cir.1980), *cert. denied,* 451 U.S. 984, 101 S.Ct. 2316, 68 L.Ed.2d 840 (1981); *United States v. Baldarrama,* 566 F.2d 560 (5th Cir.), *cert. denied,* 437 U.S. 906, 98 S.Ct. 3094, 57 L.Ed.2d 1136 (1978).

AFFIRMED.