850 F.2d 690
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Mansour ALI, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Mansour ALI, Defendant-Appellant.
 Nos. 87-7328, 87-7707.
 United States Court of Appeals, Fourth Circuit.
 Submitted: April 21, 1988.
Decided: June 29, 1988.
 
 Mansour Ali, appellant pro se.
 Jack I. Hanly (Office of the U.S. Attorney), for appellee.
 Before DONALD RUSSELL, WIDENER and JAMES DICKSON PHILLIPS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Mansour Ali appeals the district court's order of July 27, 1987, denying his motion to correct sentence filed pursuant to Fed.R.Crim.P. 35(a), and its order of September 10, 1987, denying his request for reconsideration of the ruling on his Rule 35(a) motion. Ali first appealed the July 27 order on September 9, 44 days after entry of the order; he first appealed the September 10 order on September 24, 14 days after its entry.
 
 
 2
 As Rule 35 motions are considered continuations of the criminal proceedings against a defendant, the 10-day appeal period of Fed.R.Crim.P. 4(b) applies to appeals from the denial of Rule 35 relief. See United States v. Breit, 754 F.2d 526, 528-29 (4th Cir.1985); United States v. Guiterrez, 556 F.2d 1217, 1217 (5th Cir.1977). Moreover, the district court has jurisdiction to reconsider the denial of Rule 35 relief, and the appeal period is tolled by such a request for reconsideration, only if the request is filed before the Rule 35 order becomes final upon expiration of the appeal period. See Breit, 754 F.2d at 530-31; see also Nilson Van & Storage Co. v. Marsh, 755 F.2d 362, 364 (4th Cir.), cert. denied, 474 U.S. 818 (1985).
 
 
 3
 Because Ali's request for reconsideration was not filed prior to expiration of the period for appealing the denial of Rule 35 relief, the request for reconsideration did not toll the running of the appeal period. His appeal from the denial of Rule 35 relief is therefore untimely. Moreover, Ali's appeal from the denial of his request for reconsideration is also untimely. That appeal was filed more than 10 days after the denial of reconsideration, and Ali has not obtained from the district court an extension of the appeal period based upon a showing of excusable neglect.
 
 
 4
 We note, however, that there is a significant area of overlap between claims brought under Rule 35(a), to which the 10-day appeal period applies, and claims brought under 28 U.S.C. Sec. 2255, to which a 60-day appeal period applies, and that a Rule 35 claim may be construed as a Sec. 2255 claim where doing so would permit consideration of the claim on its merits. See United States v. Santora, 711 F.2d 41 (5th Cir.1983); 3 C. Wright Federal Practice and Procedure Sec. 583 (1982). Ali's claim here is that the sentence imposed was in excess of the maximum allowed by statute. As such a claim may be pursued under Rule 35 or under Sec. 2255 and as the appeal would be timely if the claim were treated under Sec. 2255, we have considered Ali's claim on its merits. See Hixon v. United States, 268 F.2d 667 (10th Cir.1959).
 
 
 5
 Upon such review, we find that the district court correctly held that the eight-year sentence imposed for Ali's conviction under 21 U.S.C. Sec. 846 of conspiracy to violate the narcotics laws did not exceed the maximum sentence authorized by law. The sentence imposed under 21 U.S.C. Sec. 846 may not exceed the maximum penalty for the offense that was the object of the conspiracy. One of the objects of the conspiracy for which Ali was convicted was the manufacture of phencyclidine, a Schedule II controlled substance. As the maximum penalty then in effect for the manufacture of a Schedule II controlled substance was 15 years, Ali's eight-year sentence was within the range authorized by law.
 
 
 6
 We accordingly affirm the district court's denial of relief from the sentence. Appellee's motion to dismiss the appeal is denied. We dispense with oral argument because the facts and legal contentions are adequately developed in the materials before the Court and argument would not aid the decisional process.
 
 
 7
 AFFIRMED.