900 F.2d 257
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
David RICHESON, Defendant-Appellant.
 No. 89-7161.
 United States Court of Appeals, Fourth Circuit.
 Submitted: March 5, 1990.
Decided: March 22, 1990.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Herbert F. Murray, Senior District Judge. (CR No. 85-392-HM)
 David Richeson, appellant pro se.
 Robert Neal McDonald, Donna Helen Triptow, Office of the United States Attorney, Baltimore, Md., for appellee.
 D.Md.
 AFFIRMED.
 Before ERVIN, Chief Judge, and PHILLIPS and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 David Richeson appeals from the district court's order of April 18, 1989, denying his Fed.R.Crim.P. 35 motions. Richeson served a notice of appeal on May 1, 1989, thirteen days after entry of the order.
 
 
 2
 Since Rule 35 motions are considered continuations of the criminal proceedings against a defendant, the 10-day appeal period of Fed.R.App.P. 4(b) applies to appeals from the denial of Rule 35 relief. See United States v. Breit, 754 F.2d 526, 528-29 (4th Cir.1985); United States v. Guiterrez, 556 F.2d 1217, 1217 (5th Cir.1977). Based on the ten-day filing period, Richeson's notice of appeal is untimely.
 
 
 3
 We note, however, that there is a significant area of overlap between claims brought under Rule 35(a), to which the 10-day appeal period applies, and claims brought under 28 U.S.C. Sec. 2255, to which a 60-day appeal period applies, and that a Rule 35 claim may be construed as a Sec. 2255 claim where doing so would permit consideration of the claim on its merits. See United States v. Santora, 711 F.2d 41 (5th Cir.1983); 3 C. Wright, Federal Practice and Procedure Sec. 583 (1982). Richeson claims that his sentence is excessive, disproportionate, and violates double jeopardy. As such a claim may be pursued under Rule 35 or under Sec. 2255, and as the appeal would be timely if the claim were treated under Sec. 2255, we have considered Richeson's claim on its merits. See Hixon v. United States, 268 F.2d 667 (10th Cir.1959).
 
 
 4
 Our review of the record and the district court's opinion discloses that this appeal is without merit. Accordingly, we affirm on the reasoning of the district court. United States v. Richeson, CR No. 85-392-HM (D.Md. Apr. 18, 1989). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED