902 F.2d 1566
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jorene H. FLOREA, Defendant-Appellant.
 No. 89-7139.
 United States Court of Appeals, Fourth Circuit.
 Submitted Sept. 29, 1989.
Decided April 20, 1990.
 
 Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Hiram H. Ward, Senior District Judge. (CR No. 88-33-02-G)
 Jorene H. Florea, appellant pro se.
 Paul Alexander Weinman, Office of the United States Attorney, Greensboro, N.C., for appellee.
 M.D.N.C.
 AFFIRMED.
 Before WIDENER, K.K. HALL and SPROUSE, Circuit Judges.
 PER CURIAM:
 
 
 1
 Jorene Florea, a federal inmate, pled guilty to kidnapping pursuant to a plea agreement and was sentenced under the sentencing guidelines. She did not appeal her sentence, but now requests relief under Fed.R.Crim.P. 35(a) and 32(c)(3)(D). We affirm the order of the district court denying her motion.
 
 
 2
 Florea assisted Michael Weeks in kidnapping Susan Vincent from the parking lot of a shopping mall in Greensboro, North Carolina. Weeks was armed and told Vincent that Florea also had a gun. Using Vincent's bank card, Florea withdrew $190 from Vincent's account. She and Weeks then left town taking Vincent with them. At first, Florea drove with Vincent in Vincent's car, while Weeks drove the car he and Florea had been using. After a short time, that car was abandoned and all three went on in Vincent's car.
 
 
 3
 They traveled to Iowa, where Weeks stole a truck and robbed a bank and where Vincent observed that Florea also had a gun which she carried in her purse. In Chicago, Vincent was released unharmed and her vehicle was returned to her.
 
 
 4
 The presentence report started with a base offense level of 24 (Guideline Sec. 2A4.1(a)), increased by 2 because a dangerous weapon was used during the course of the offense (Sec. 2A4.1(b)(3)), increased by 4 because the victim was kidnapped to facilitate the commission of another offense (Sec. 2A4.1(b)(5)(a)), and decreased by 2 for acceptance of responsibility because Florea freely admitted her involvement in the offense. The total offense level was 28. The guideline range for imprisonment was 78-97 months, with a 3-5 year term of supervised release.
 
 
 5
 At sentencing, Florea's attorney argued that the offense level should be reduced by 2, 3, or 4 levels because Florea had only a minimal or minor role in the offense. She also argued that a departure from the guidelines was justified because Florea had acted under coercion and duress. The sentencing judge rejected both arguments and imposed a sentence of 87 months to be followed by a 3-year term of supervised release.
 
 
 6
 Florea contends that in sentencing her the district court relied on inaccurate information in the presentence report, that she was denied a reasonable opportunity to review the presentence report and personally challenge inaccuracies, that the court failed to make findings with regard to contested matters, and that her attorney was ineffective in failing to contest the sentence.
 
 
 7
 The district court correctly ruled that, because Florea's offense took place after November 1, 1987, Rule 35(a), as revised, no longer gives it the power to correct a sentence except on remand. The court further found that her claims under Rule 32 were baseless because at the sentencing hearing she did not contest any factual matters contained in the presentence report.
 
 
 8
 An examination of the record and Florea's own motion discloses that she received the presentence report and reviewed it with her attorney several days before sentencing.
 
 
 9
 It is not clear that Florea ever requested her attorney to appeal, but there is a suggestion that Florea was not advised that an appeal was possible.[1] This Court has held that there is no constitutional requirement that a defendant who pleads guilty must always be informed of the right to appeal. Carey v. Leverette, 605 F.2d 745 (4th Cir.), cert. denied, 444 U.S. 983 (1979). Carey recognized, however, that under some circumstances the failure to advise a defendant of the right to appeal after a guilty plea might be a denial of due process. Id. at 746; accord Marrow v. United States, 772 F.2d 525 (9th Cir.1985).
 
 
 10
 If Florea's claims have merit, then her attorney may have been ineffective in failing to advise Florea of her right to appeal the application of the guidelines in her case and in failing to appeal. If the claims have no merit, however, then the attorney cannot be held to be ineffective for failing to raise them on appeal, or to advise Florea of the right to appeal. Strickland v. Washington, 466 U.S. 668 (1984).
 
 
 11
 This Court recently held that a defendant who seeks the application of a mitigating factor under the guidelines has the burden of showing its applicability by a preponderance of the evidence. United States v. Urrego-Linares, 879 F.2d 1234 (4th Cir.1989). It has also discussed the level of review required under the reasonableness standard for reviewing guideline application. Where an essentially factual question is at issue, the district court's decision should be affirmed unless clearly erroneous. United States v. Daughtrey, 874 F.2d 213 (4th Cir.1989).
 
 
 12
 Florea's attorney argued unsuccessfully at her sentencing that her base offense level should be reduced because she had a minor role in the offense and that a downward departure from the guideline range was warranted because she acted under coercion and duress. Both these contentions raise a factual issue. In support of her claims, Florea called the victim, Susan Vincent, to testify. According to Vincent, Florea never threatened or harmed her, and concealed from Weeks the fact that Vincent tried to escape at one point. She testified that Weeks was the leader at all times and that he once slapped Florea when he thought she was taking too long to do some washing. However, Vincent also said that Florea thwarted her escape attempt and, in spite of her fear of Weeks, refused Vincent's request that she also leave his company though she had opportunities to do so. Vincent further testified that, in addition to Weeks' gun, she saw a second gun which Florea kept in her purse.
 
 
 13
 Although Florea attempted to portray herself as a victim of Weeks, the district court found that she was a willing victim who did not act under duress; it also rejected her contention that she had a minor role. These determinations are not clearly erroneous. Had Florea appealed her sentence, the district court's application of the guidelines would in all likelihood have been upheld. Therefore, the attorney was not ineffective in failing to appeal or in possibly failing to advise Florea that she could appeal.
 
 
 14
 Accordingly, the order of the district court denying Florea's motion is affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 15
 AFFIRMED.
 
 
 
 [1]
 If we construe Florea's Rule 35 motion as a motion to vacate sentence under 28 U.S.C. Sec. 2255, United States v. Santora, 711 F.2d 41 (5th Cir.1983), we may consider the ineffective assistance claim, which is properly raised in a Sec. 2255 motion