907 F.2d 1140
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael Anthony BRADDY, Defendant-Appellant.
 No. 90-6536.
 United States Court of Appeals, Fourth Circuit.
 Submitted June 4, 1990.
Decided June 15, 1990.
 
 Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Richard C. Erwin, Chief District Judge. (CR No. 87-45-G)
 Michael Anthony Braddy, appellant pro se.
 Robert Holt Edmunds, Jr., United States Attorney, Greensboro, N.C., for appellee.
 M.D.N.C.
 AFFIRMED.
 Before ERVIN, Chief Judge, and CHAPMAN and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Michael Anthony Braddy appeals from the district court's order denying his request under Fed.R.Crim.P. 35 for correction of sentence. Initially, we observe that Braddy's notice of appeal was filed 21 days after the district court denied his motion. Because Braddy is proceeding pro se and the challenge to the legality of his sentence could have been brought pursuant to 28 U.S.C. Sec. 2255, we construe the motion as brought under that statute to preserve appellate jurisdiction. See Andrews v. United States, 373 U.S. 334, 337-38 (1963); United States v. Santora, 711 F.2d 41 (5th Cir.1983).
 
 
 2
 Braddy asserts that the statute mandating that a special assessment be charged against him, 18 U.S.C. Sec. 3013, is unconstitutional as Congress passed the statute in violation of the Origination Clause. This appeal was placed in abeyance pending the Supreme Court's resolution of the question of the statute's constitutionality. The Supreme Court has determined that the statute is not a revenue raising bill; therefore Braddy's claim has no merit. United States v. Munoz-Flores, 58 U.S.L.W. 4563 (U.S. May 21, 1990) (No. 88-1932).
 
 
 3
 Braddy also claims that he should have been sentenced under the Sentencing Reform Act of 1984, 18 U.S.C. Secs. 3551 et. seq. This claim fails because the offense was committed in March 1987, and the guidelines apply only to those offenses committed after November 1, 1987. United States v. Polk, --- F.2d ----, No. 89-5449 (4th Cir. June 1, 1990).
 
 
 4
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 5
 AFFIRMED.