917 F.2d 1302
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
William Robert FRANCK, Defendant-Appellant.
 No. 90-6357.
 United States Court of Appeals, Fourth Circuit.
 Submitted Oct. 29, 1990.
Decided Nov. 13, 1990.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Frederic N. Smalkin, District Judge. (CR-84-410-M)
 William Robert Franck, appellant pro se.
 Arthur Friend Fergenson, Office of the United States Attorney, Baltimore, Md., for appellee.
 D.Md.
 AFFIRMED.
 Before WIDENER, PHILLIPS and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 William Robert Franck, a federal prisoner, brought this Fed.R.Crim.P. 35(a) motion alleging that he was unlawfully sentenced to a special parole term.* He pled guilty to a violation of 21 U.S.C. Sec. 841(a)(1) and was sentenced to eight years in prison and a 10-year special parole term pursuant to 21 U.S.C. Sec. 841(b)(1)(A). He alleges that he should not have been sentenced to a special parole term because the special parole term provision of Sec. 841(b)(1)(A) was no longer in effect at the time he was sentenced.
 
 
 2
 The offense to which Franck pled guilty was committed on September 2, 1984. He was sentenced pursuant to 21 U.S.C. Sec. 841(b)(1)(A), which required the imposition of a special parole term for anyone convicted of violation of 21 U.S.C. Sec. 841(a)(1). The statute was changed on October 12, 1984, to delete the requirement of a special parole term, but because Franck's offense was committed before that date, he was subject to the special parole term requirement. Therefore, he was properly sentenced, and the district court did not err in dismissing his action.
 
 
 3
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not significantly aid the decisional process.
 
 
 4
 AFFIRMED.
 
 
 
 *
 Franck's notice of appeal was not filed within 10 days of the district court's order denying the Fed.R.Crim.P. 35 motion, nor was it filed within 10 days of the denial of his motion for reconsideration. However, because Franck challenged the validity of his sentence, we construe the action as a petition for relief under 28 U.S.C. Sec. 2255. United States v. Santora, 711 F.2d 41 (5th Cir.1983). Given this consideration, the notice of appeal was timely