959 F.2d 232
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
David MARRERO-QUINTANA, a/k/a David Marrero, a/k/a Davie,
Defendant-Appellant.
 No. 91-6109.
 United States Court of Appeals, Fourth Circuit.
 Submitted March 12, 1992.
Decided April 2, 1992.
 
 Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. John T. Copenhaver, Jr., District Judge. (CR-87-118)
 David Marrero-Quintana, appellant pro se.
 Nancy Carper Hill, Assistant United States Attorney, Charleston, W.Va., for appellee.
 S.D.W.Va.
 REVERSED AND REMANDED.
 Before PHILLIPS and MURNAGHAN, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 David Marrero-Quintana appeals the district court's order denying relief under Fed.R.Crim.P. 35(a).* We hold that the district court erred in sentencing Marrero-Quintana to a term of special parole, and therefore remand for correction of this aspect of the sentence.
 
 
 2
 Marrero-Quintana pled guilty to one count of possession with intent to distribute one kilogram of cocaine, in violation of 21 U.S.C. § 841(a)(1) (1988). The offense conduct to which he pled guilty took place in January or February 1987. He was sentenced to nine years' imprisonment and a ten-year term of special parole. The district court later reduced his term of imprisonment to five years in addition to the special parole term. Marrero-Quintana argues that the imposition of a term of special parole is unauthorized by statute. We agree.
 
 
 3
 The Sentencing Reform Act of 1984, Pub.L. No. 98-473, Tit. II, ch. II, 98 Stat.1987 (1984), eliminated special parole, and replaced it with a different type of post-confinement monitoring called supervised release. Gozlon-Peretz v. United States, 59 U.S.L.W. 4107, 4108 (U.S.1991). Unlike special parole, which was overseen by the Parole Commission, supervised release is monitored by the courts, which may hold a defendant in contempt for violations of its terms. By its terms, the Sentencing Reform Act was not to become effective until November 1, 1987.
 
 
 4
 In the interim between the passage of the Sentencing Reform Act and its effective date, Congress enacted the Anti-Drug Abuse Act (ADAA) on October 27, 1986. Pub.L. No. 99-570, 100 Stat. 3207 (1986). Among other things, § 1002 of the ADAA provided for supervised release for certain drug offenses, including possession with intent to distribute more than 500 grams of cocaine. Gozlon-Peretz, 59 U.S.L.W. at 4109 and n. 6. Prior to the ADAA, the relevant statute oddly did not provide for special parole or supervised release for large-scale drug offenses, such as Marrero-Quintana's, although it did provide for monitoring of the smaller ones. The ADAA also changed the statutory scheme so that all references to special parole were changed to supervised release.
 
 
 5
 In Gozlon-Peretz, the Supreme Court resolved a dispute among the circuits as to the effective date of § 1002 of the ADAA, and held that supervised release applies for all offenses committed between October 27, 1986, and November 1, 1987. Id. at 411. The ADAA thus authorized the district court to sentence Marrero-Quintana to postconfinement monitoring. However, because the ADAA applies, he was subject to a term of supervised release, not special parole.
 
 
 6
 We therefore reverse the district court's denial of relief and remand the case to the district court to delete the term of special parole and instead impose a term of supervised release. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 7
 REVERSED AND REMANDED.
 
 
 
 *
 We construe this motion as one made pursuant to 28 U.S.C. § 2255 (1988), in order to reach the merits of the motion. See United States v. Santora, 711 F.2d 41 (5th Cir.1983)