28 F.3d 1211
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Charles Richard ORTEGA, Defendant-Appellant.
 No. 94-6430.
 United States Court of Appeals, Fourth Circuit.
 Submitted June 21, 1994.
Decided July 15, 1994.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at New Bern. Terrence W. Boyle, District Judge. (CR-92-71)
 Charles Richard Ortega, appellant pro se.
 James R. Dedrick, U.S. Atty., Raleigh, NC, for appellee.
 E.D.N.C.
 VACATED AND REMANDED.
 Before HALL and MURNAGHAN, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Charles Richard Ortega appeals from the district court's denial of his motion to reduce sentence pursuant to 18 U.S.C.Sec. 3582(c)(2) (1988). Construing Ortega's motion as a motion under 28 U.S.C. Sec. 2255 (1988),[1] we vacate the sentence imposed and remand for resentencing.
 
 I.
 
 2
 Ortega pleaded guilty to one count of distributing .7 grams of lysergic acid diethylamide (LSD) within 1,000 feet of an elementary school, in violation of 21 U.S.C.A. Secs. 841(a)(1) and 860 (West 1981 & Supp.1994). He was sentenced pursuant to the November 1992 version of the federal sentencing guidelines[2] to forty-one months imprisonment, to be followed by six years of supervised release. He filed the present motion nearly one year later, claiming entitlement to a reduction in sentence on the basis of a recent amendment to the sentencing guidelines which altered the weight calculation for quantities of LSD distributed via a carrier medium. He also asserted that he is entitled to an additional one-point reduction in offense level under guideline section 3E1.1(b)(1), because he timely provided information to the Government about his own involvement in the offense. The district court, addressing only the first issue, denied the motion on the basis that the amendment occurred after the defendant's sentence was imposed and after the review period had expired. The Government concedes on appeal, however, that Ortega is entitled to the benefit of the amendment. We agree, and remand this case for resentencing.
 
 II.
 
 3
 Guideline section 2D1.1(c) was amended, effective November 1993, to partially exclude from the sentencing calculation the weight of the carrier medium normally used to distribute LSD. The amendment provides:
 
 
 4
 In the case of LSD on a carrier medium (e.g., a sheet of blotter paper), do not use the weight of the LSD/carrier medium. Instead, treat each dose of LSD on the carrier medium as equal to 0.4 mg of LSD for the purposes of the Drug Quantity Table.
 
 
 5
 U.S.S.G. Sec. 2D1.1. Where the dosage is not marked on the blotter paper, each one-quarter inch section of blotter paper is presumed to equal one dose. Id., comment. (n.18).
 
 
 6
 Although a sentencing court has limited authority to modify a sentence once imposed, it may do so in any case where the applicable sentencing range has been lowered by amendment to the sentencing guidelines, "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. Sec. 3582(c)(2). The amendment here at issue is expressly referenced in guideline section 1B1.10(a) and (d) as an amendment which applies retroactively. Hence, it is clear that the district court had authority to consider Ortega's claim. It is less clear precisely what effect application of the amendment will have, however, because the dosage of LSD involved in the crime of conviction is not apparent on this record.[3] We leave this factual determination to the district court.
 
 
 7
 For the foregoing reasons, we vacate the district court's decision and remand this case for resentencing under the authority of[4] Sec. 3582(c)(2). 4 In light of this disposition, Ortega's pending Motion to Expedite Appeal is now moot and is dismissed for that reason. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 8
 VACATED AND REMANDED.
 
 
 
 [1]
 Labels assigned to pleadings filed by pro se litigants are not determinative. Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.), cert. denied, 439 U.S. 970 (1978); see also United States v. Santora, 711 F.2d 41, 42 (5th Cir.1983) (pro se motion under Fed.R.Crim.P. 35 construed as Sec. 2255 motion, thus rendering appeal timely)
 
 
 [2]
 United States Sentencing Commission, Guidelines Manual (Nov.1992)
 
 
 [3]
 Ortega states that the .7 grams of LSD/carrier medium reflected one hundred individual doses of LSD, which, multiplied by the .4 milligram fixed weight of the amendment, would result in a total weight of 40 milligrams, rather than the 700 milligrams used to calculate his original sentence, and place him in the 18-24 month range of imprisonment. The Government calculates a slightly higher figure, 46.4 milligrams of LSD, but concludes that Ortega should be resentenced to a term of imprisonment in the 12-18 month range. The Presentence Investigation Report is silent on the question of the number of doses involved
 
 
 [4]
 We decline to consider Ortega's remaining claim of entitlement to an additional downward adjustment under guideline section 3E1.1(b)(1) at this time, because the adjustment described in that section only applies where the base offense level is 16 or greater. The offense level established at resentencing may or may not meet this requirement