IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-30686
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHAEL E. WILLIAMS,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 96-CV-1152
91-CR-410-9
--------------------

August 31, 1999

Before SMITH, BARKSDALE, and PARKER, Circuit Judges.

PER CURIAM:[*]

Michael E. Williams, federal prisoner #22556-034, appeals the district court's dismissal of his second 28 U.S.C. § 2255 motion as an abuse of the § 2255 proceeding under Rule 9(b) of the Rules Governing § 2255 Cases. He argues that the district court's dismissal of his first § 2255 was confusing and ambiguous and led him to believe that he could file a second § 2255 motion.

We agree that, construing the motion as a § 2255 motion, the

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

district court acted within its discretion in dismissing it as abuse of the § 2255 proceeding.  However, in dismissing Williams's first § 2255 motion, the district court ordered that his claims "be dismissed without prejudice for failure to exhaust[.]"  Williams explained that he was filing his second § 2255 motion because the first one had been dismissed without prejudice.  In his first report and recommendation pertaining to Williams's second § 2255 motion, the magistrate judge noted Williams's explanation and noted that, if he were misled, his remedy would be to seek an out-of-time appeal of the denial of the first § 2255 motion.  We think the better course would have been to construe the second § 2255 motion as a Fed. R. Civ. P. 60(b) motion, seeking clarification of or challenging the merits of the denial of the first § 2255 motion.  "As a general proposition, review of the merits of a federal prisoner's claim is not circumscribed by the label attached."  See United States v. Santora, 711 F.2d 41, 42 n.1 (5th Cir. 1983).

Although some of the claims in the second § 2255 motion are new and should have been presented in his first § 2255 motion, construing the second § 2255 motion as a Rule 60(b) motion would allow the district court to correct its dismissal order and Williams to appeal the denial of his first § 2255 motion, of which he may have been deprived.  Accordingly, the dismissal of Williams's second § 2255 motion under Rule 9(b) is VACATED, and the case is REMANDED for further proceedings.  William's motion to amend his brief is GRANTED.