# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 19, 2010

Lyle W. Cayce
Clerk

No. 09-11015
Summary Calendar

BARRY EMMETT,

Petitioner–Appellant,

v.

RICK THALER, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
CORRECTIONAL INSTITUTIONS DIVISION,

Respondent–Appellee.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 7:09-CV-138

Before GARZA, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Barry Emmett, Texas prisoner # 1383329, moves for a certificate of appealability (COA) to appeal the denial of his 28 U.S.C. § 2554 application challenging disciplinary procedure # 20090254355. He contends that his disciplinary case and punishment were the result of retaliation and that a retaliation against an inmate amounts to a separate due process violation; he was denied due process and equal protection under the Fourteenth Amendment

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

because other inmates would have received less severe charges and punishment; his due process and equal protection rights were violated by the hearing officer's refusal to recuse himself; and his due process and equal protection rights were violated when a prison official denied his request for a different hearing officer.

With regard to his procedural due process claims, Emmett has not shown "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Accordingly, a COA is denied on these claims.

Emmett's habeas application also alleged that his disciplinary hearing and punishment were the result of retaliation against him for his filing of grievances and the exercise of his right of access to the courts, and that he was punished in violation of his equal protection rights. The district court did not address whether his allegations concerning retaliation and equal protection stated a potentially cognizable claim under 42 U.S.C. § 1983, such that Emmett should have been afforded an opportunity to further develop such claims. *See Eason v. Thaler*, 14 F.3d 8, 9 (5th Cir. 1994); *Serio v. Members of La. State Bd. of Pardons*, 821 F.2d 1112, 1119 (5th Cir. 1987) ("[I]n instances in which a petition combines claims that should be asserted in habeas with claims that properly may be pursued as an initial matter under § 1983, and the claims can be separated, federal courts should do so, entertaining the § 1983 claims."); *United States v. Santora*, 711 F.2d 41, 42 n.1 (5th Cir. 1983) (recognizing that review of the merits of pro se prisoners' claims are controlled by the essence of pleading rather than the label attached). We therefore DENY the motion for a COA in part, GRANT the motion for a COA in part, VACATE the district court's judgment, and REMAND for the district court to consider only whether Emmett has alleged retaliation and equal protection claims that should be considered under § 1983. *See Whitehead v. Johnson*, 157 F.3d 384, 388 (5th Cir. 1998).