# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-60576
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
March 11, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

WILLIAM HENRY MICHELLETTI,

Defendant-Appellant

Appeals from the United States District Court
for the Northern District of Mississippi
USDC No. 1:13-CR-50-1

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

William Henry Michelletti has filed a motion for leave to proceed in forma pauperis (IFP) on appeal from the district court's denial of his motion to correct his sentence pursuant to Federal Rule of Criminal Procedure 52(b) and 18 U.S.C. § 3742(a)(1). The district court denied his IFP motion and certified that the appeal was not taken in good faith. By moving for IFP status,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-60576

Michelletti is challenging the district court's certification. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

Although his motion was styled as falling under § 3742 and Rule 52(b), it is the essence of a pro se prisoner's pleading, rather than its label, that controls how the pleading is characterized. *United States v. Santora*, 711 F.2d 41, 42 n.1 (5th Cir. 1983). As federal courts are courts of limited jurisdiction, Michelletti must have statutory authority for the filing of his motion. *See Veldhoen v. U.S. Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994).

Michelletti was precluded from obtaining relief under § 3742, as such relief is reserved only for direct appeals. *See United States v. Early*, 27 F.3d 140, 142 (5th Cir. 1994). He did not file a notice of appeal from his judgment of conviction. Furthermore, his motion styled under § 3742 "was not filed within the time period for a direct appeal as prescribed in Federal Rule of Appellate Procedure 4(b), and § 3742 does not permit an appeal beyond Rule 4(b)'s period." *See id.* Nor was his motion properly brought pursuant to Rule 52(b) because that rule does not set forth a procedural mechanism for challenging a conviction or a basis for a collateral attack on a final judgment. *See* FED. R. CRIM. P. 52(b); *United States v. Frady*, 456 U.S. 152, 164 (1982).

Section 2255 provides the primary means of collaterally attacking a federal conviction. *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000). However, in this case the district court construed his motion as a § 2255 motion and, in compliance with *Castro v. United States*, 540 U.S. 375, 383 (2003), notified Michelletti, warned him that a subsequent § 2255 motion would be subject to the restrictions for successive motions, and provided him with the opportunity to withdraw or amend. In response, Michelletti moved to withdraw "all actions pursuant to 28 U.S.C. § 2255." Furthermore, although 18 U.S.C. § 3582(c) allows a district court to modify a sentence under certain

No. 15-60576

narrow circumstances, none of those circumstances were applicable here.  *See* § 3582(c).  Finally, the motion did not qualify as a writ of coram nobis or audita querela.  *See United States v. Miller*, 599 F.3d 484, 489 (5th Cir. 2010); *Jimenez v. Trominski*, 91 F.3d 767, 768 (5th Cir. 1996).

Michelletti's motion was, in essence, a meaningless, unauthorized motion that the district court was without jurisdiction to entertain.  *See Early*, 27 F.3d at 142.  Because he has failed to show that the instant appeal involves legal points arguable on their merits, *see Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983), Michelletti's motions to proceed IFP on appeal and for summary judgment are DENIED, and his appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.