# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-50108
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 17, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

KEITH ALLEN FORD,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:91-CR-52-1

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.
STEPHEN A. HIGGINSON, Circuit Judge:[*]

In 1992, Keith Allen Ford, federal prisoner # 56108-080, was sentenced to 360 months in prison for being a felon in possession of a firearm. He has appealed the denial of his pleading filed in the district court for review of his sentence, entitled "28 U.S.C. § 2241 Petition For Review Of Unlawful Sentence Pursuant 18 U.S.C. § 3742(e)(2)." The district court denied Ford's petition, concluding that it lacked merit. Ford filed a timely notice of appeal and a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

motion for leave to proceed in forma pauperis (IFP) on appeal, which the district court denied.  The Government has filed a motion for summary affirmance or, in the alternative, a motion for an extension of time to file a brief.

Although Ford styled his motion as falling under § 2241, it is the essence of a pro se prisoner's pleading, rather than the label attached to it, that controls how that pleading is characterized. *United States v. Santora*, 711 F.2d 41, 42 n.1 (5th Cir. 1983).  As federal courts are courts of limited jurisdiction, Ford must have statutory authority for the filing of his motion.  *See Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994).  "Absent jurisdiction conferred by statute, district courts lack power to consider claims." *Id.*

A § 2241 petition and a § 2255 motion "are distinct mechanisms for seeking post-conviction relief." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000).  Section 2255 is the primary mechanism for collaterally attacking a federal sentence. *Id.*  However, had Ford's pleading been construed as a § 2255 motion, the district court would have lacked jurisdiction to consider it because Ford had previously filed a § 2255 motion and this court has not authorized him to file a successive § 2255 motion. *See Hooker v. Sivley*, 187 F.3d 680, 681-82 (5th Cir. 1999); 28 U.S.C. § 2244(b)(3)(A).

By contrast, § 2241 is the proper procedural vehicle for challenging the manner in which a sentence is executed. *Pack*, 218 F.3d at 451.  A § 2241 petition that attacks custody resulting from a federally imposed sentence may be entertained under the savings clause of § 2255 if the petitioner establishes that the remedy provided under § 2255 is "inadequate or ineffective" to test the legality of his detention.  § 2255(e); *see Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001).  Ford's claims were not based on a retroactively

applicable Supreme Court decision which establishes that he may have been convicted of a nonexistent offense, and his claims were not foreclosed by circuit law at the time of his trial, direct appeal, or first § 2255 motion. *See Reyes-Requena*, 243 F.3d at 904. Consequently, Ford's motion could not have been construed as a § 2241 petition brought via the savings clause of § 2255. *See Reyes-Requena*, 243 F.3d at 904.

Furthermore, while 18 U.S.C. § 3582(c) allows a district court to modify a sentence under certain narrow circumstances, none were applicable to Ford's case, and Ford was precluded from obtaining relief under § 3742, as relief thereunder is reserved only for direct appeals. *See United States v. Early*, 27 F.3d 140, 142 (5th Cir. 1994). Finally, Ford's motion did not qualify as a writ of coram nobis or audita querela. *See United States v. Miller*, 599 F.3d 484, 489 (5th Cir. 2010); *Jimenez v. Trominski*, 91 F.3d 767, 768 (5th Cir. 1996).

Ford's pleading was, in essence, an unauthorized motion that the district court was without jurisdiction to entertain. *Early*, 27 F.3d at 142; *United States v. Michelletti*, 638 F. App'x 402, 403–04 (5th Cir. 2016) (unpublished). Because Ford has appealed from the denial of an unauthorized pleading, we AFFIRM the district court's ruling on the alternative basis that the district court lacked jurisdiction over the motion. *See Early*, 27 F.3d at 142. The Government's motions are DENIED. Ford's motion for leave to proceed in forma pauperis on appeal is DENIED as moot.