# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
November 14, 2019

Lyle W. Cayce
Clerk

No. 19-60521
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

KEON HAWKINS,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:17-CR-16-1

Before DENNIS, ELROD, and DUNCAN, Circuit Judges.

PER CURIAM:*

Keon Hawkins, federal prisoner # 19916-043, pleaded guilty to a bill of information charging him with possession of a controlled substance with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), and was sentenced to 240 months of imprisonment.  The Government later filed a motion to reduce his sentence based on substantial assistance pursuant to Federal Rule of Criminal Procedure 35(b) and 18 U.S.C. § 3553(e).  The district court granted the motion

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

and reduced Hawkins's sentence to 188 months of imprisonment. Hawkins filed a motion for reconsideration of the district court's Rule 35(b) order, which the court denied.

Hawkins appeals and moves for leave to proceed in forma pauperis (IFP) following the district court's certification that the appeal was not taken in good faith. To proceed IFP, Hawkins must demonstrate financial eligibility and a nonfrivolous issue for appeal. *See Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982). We may deny the IFP motion and dismiss the appeal sua sponte if it is frivolous. *See Baugh v. Taylor*, 117 F.3d 197, 202 & n.24 (5th Cir. 1997); 5TH CIR. R. 42.2. An appeal is frivolous if it fails to raise "legal points arguable on their merits." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted). For the reasons that follow, Hawkins fails to raise a nonfrivolous issue for appeal.

As an initial matter, we must examine the basis of our jurisdiction, sua sponte if necessary. *Mosley v. Cozby*, 813 F.2d 659, 660 (5th Cir. 1987). Hawkins did not file a timely notice of appeal following the district court's Rule 35(b) order. *See* FED. R. APP. P. 4(b)(1)(A)(i). His untimely motion following the district court's order failed to toll the time for filing a notice of appeal from that order and did not serve as a proper motion to reconsider. *See United States v. Greenwood*, 974 F.2d 1449, 1466 (5th Cir. 1992). Moreover, that motion cannot be considered as arising under Federal Rule of Civil Procedure 60(b), 28 U.S.C. § 2255, or 28 U.S.C. § 2241. *See Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001); *United States v. O'Keefe*, 169 F.3d 281, 289 (5th Cir. 1999). Because there was no legal basis for Hawkins's motion, it was a "meaningless, unauthorized motion" that had no jurisdictional basis. *United States v. Early*, 27 F.3d 140, 142 (5th Cir. 1994). Accordingly,

we lack jurisdiction to consider the denial of that motion. *See United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000).

We have jurisdiction to consider the Rule 35(b) order despite Hawkins's failure to specifically mention it in the notice of appeal because "[f]ailure to properly designate the order appealed from is not a jurisdictional defect" and Hawkins's intent to challenge the Rule 35(b) order is apparent from his brief. *United States v. Rochester*, 898 F.2d 971, 976 n.1 (5th Cir. 1990); *see* FED. R. APP. P. 3(c)(1)(B). Moreover, because a timely notice of appeal in a criminal case is not jurisdictional, we have jurisdiction to consider the district court's Rule 35(b) order. *See United States v. Martinez*, 496 F.3d 387, 388-89 (5th Cir. 2007); *see also United States v. Santora*, 711 F.2d 41, 42 (5th Cir. 1983).

Hawkins argues that the district court miscalculated the sentencing reduction. Rule 35(b) does not provide a particular methodology for determining the extent of a sentencing reduction, nor does it impose "rigid procedural requirements on district courts." *United States v. Doe*, 932 F.3d 279, 282 (5th Cir. 2019); *see* FED. R. CRIM. P. 35(b). Further, application of "[t]he rule is entirely discretionary." *Doe*, 932 F.3d at 282. Accordingly, Hawkins has not shown that his appeal raises a nonfrivolous issue based on his claim that the district court failed to follow his methodology of calculating his sentencing reduction. *See Howard*, 707 F.2d at 220.

Accordingly, the appeal is DISMISSED for lack of jurisdiction in part and as frivolous in part, and the IFP motion is DENIED.