# United States Court of Appeals
# for the Fifth Circuit

_____

No. 22-10425
Summary Calendar

_____

United States Court of Appeals
Fifth Circuit

**FILED**
February 13, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Fabian C. Fleifel,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:12-CR-318-3

_____

Before Stewart, Duncan, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Fabian C. Fleifel, federal prisoner # 57575-018, has appealed the district court's order denying his motion for compassionate release, pursuant to 18 U.S.C. § 3582(c), in which he contended that a sentence reduction was warranted because the district court had erred at sentencing in determining the amount of the loss. The district court determined that Fleifel had not

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

shown that there were extraordinary and compelling reasons for a sentence reduction. *See* 18 U.S.C. § 3582(c)(1)(A)(i). The court also found that a reduction was not warranted in light of statutory sentencing factors. *See* 18 U.S.C. § 3553(a). It construed Fleifel's attempt to challenge the legality of his underlying sentence as an unauthorized successive 28 U.S.C. § 2255 motion, which it dismissed for lack of jurisdiction. It denied a certificate of appealability (COA) from that portion of its decision.

The procedural posture of this case requires Fleifel to obtain a COA. Although Fleifel did not move for a COA in this court, his notice of appeal is construed as a COA request. *See* FED. R. APP. P. 22(b)(2). This requires him to show that reasonable jurists would find the district court's decision to deny relief debatable or wrong, *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), or "that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further," *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

On the motion of either the director of the Bureau of Prisons or the defendant, a court may reduce the defendant's term of imprisonment, after considering the applicable 18 U.S.C. § 3553(a) factors, if, inter alia, the court finds that "extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A)(i). A district court's decision to deny a prisoner's motion for compassionate release is reviewed for an abuse of discretion. *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020). "[A] court abuses its discretion if it bases its decision on an error of law or a clearly erroneous assessment of the evidence." *Id.* (internal quotation marks and citation omitted).

Fleifel insists that his motion was filed under § 3582(c), not § 2255; and he complains that the district court failed to consider whether it had

erred in determining the amount of the loss and whether its error constituted an extraordinary and compelling circumstance warranting a sentence reduction. He asserts that the Government "cannot prove" the amount of the loss, and he complains that he has not had an opportunity to litigate that question.

The district court was not obligated to treat Fleifel's pleading as a § 3582(c) motion simply because Fleifel so labeled it. *See United States v. Santora*, 711 F.2d 41, 42 n.1 (5th Cir. 1983). Section 2255 "is the primary means of collaterally attacking a federal sentence." *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000). Reasonable jurists would not debate the district court's treatment of Fleifel's motion for compassionate release as an unauthorized successive § 2255 motion to the extent that it challenged the legality of the sentence. *See Slack*, 529 U.S. at 484; *see also Santora*, 711 F.2d at 42 n.1; *Tolliver*, 211 F.3d at 877.

With respect to the motion for compassionate release, Fleifel contends that the district court erred in considering itself bound by the guidelines policy statement, U.S.S.G. § 1B1.13, p.s. The district court stated expressly that it did not consider itself bound by the policy statement. Motions for compassionate release are inherently discretionary. *See Ward v. United States*, 11 F.4th 354, 360 (5th Cir. 2021). Fleifel had the burden to convince the district court to exercise its discretion. *See id.* at 360–61. The district court properly explained why relief was not merited in light of its application of the sentencing factors. *See id.* at 360–61. Fleifel's conclusional arguments do not show that the district court abused its discretion. *See Chambliss*, 948 F.3d at 693.

Fleifel contends that the district court judge is unfairly biased and has failed to comply with his professional responsibilities. A judge's adverse rulings, without more, are insufficient to show judicial bias unless they reveal

an opinion based on an extrajudicial source or demonstrate such a high degree of antagonism as to make fair judgment impossible. *See Liteky v. United States*, 510 U.S. 540, 555 (1994). No such opinion or antagonism is discernible in this case. *See id.*

To the extent a COA is required, a COA is DENIED. Because the remainder of the appeal is FRIVOLOUS, it is DISMISSED IN PART. *See* 5TH CIR. R. 42.2.

We WARN Fleifel that the filing of frivolous, repetitive, or otherwise abusive pleadings in this court or any court subject to this court's jurisdiction may result in the imposition of SANCTIONS, including dismissal, monetary sanctions, and restrictions on his ability to file pleadings in this court or any court subject to this court's jurisdiction.