UNITED STATES of America, Appellee,

v.

**Calvin W. BREIT, Appellant.**

No. 84–6018.

United States Court of Appeals, Fourth Circuit.

Argued Oct. 4, 1984.

Decided Feb. 14, 1985.

---

Anthony F. Troy, Richmond, Va. (James C. Roberts, Robert D. Seabolt, Mays, Valentine, Davenport & Moore, Richmond, Va., on brief), for appellant.

William G. Otis, Asst. U.S. Atty., Alexandria, Va. (Elsie L. Munsell, U.S. Atty., Alexandria, Va., on brief), for appellee.

Before WIDENER, PHILLIPS and WILKINSON, Circuit Judges.

WIDENER, Circuit Judge:

This is an appeal from two separate orders [1] entered by the district court which resolved issues arising out of an FRCrP 35(b) motion for sentence reduction filed by appellant Calvin Breit. Finding no reversible error, we affirm.

In October 1982, a jury convicted Breit, an attorney, of cocaine-related offenses, for which he received a sentence of 16 years' imprisonment. His conviction was affirmed on appeal on July 12, 1983. *United States v. Breit*, 712 F.2d 81 (4th Cir.1983). On October 20, 1983, Breit filed a motion for sentence reduction under FRCrP 35(b), which the district court denied on November 10, 1983. On November 11, 1983, the last day upon which Breit could file a motion for sentence reduction under Rule 35(b), Breit's attorney filed the identical motion which had been denied a day earlier and, by an accompanying letter, requested the district court to "hold [...] in abeyance" any ruling on the motion until sufficient time had passed for the court to consider the impact of the incarceration on

---

**1.** Order of December 20, 1983 denying Breit's motion to extend the time within which to file an appeal of an order entered on December 1, 1983; order of June 7, 1984 dismissing Breit's motion to vacate the order of the court entered on December 1, 1983.

Breit's family.[2] By order of December 1, 1983, 575 F.Supp. 238, the district court dismissed the second motion for want of jurisdiction. The issues in the present appeal arise from the dismissal of this second Rule 35(b) motion.

On December 15, 1983, 14 days after the court had entered the dismissal order, Breit delivered to the court a notice of appeal and filed with the court a motion for extension of time within which to file the appeal since Breit had failed to file the notice of appeal within the 10-day period required by FRAP 4(b).[3] The district court denied the motion for extension on December 22, 1983 after finding no excusable neglect under Rule 4(b) for Breit's failure to file a timely appeal. Thereafter, Breit filed a timely notice of appeal from the order denying his motion for extension based on excusable neglect.

Aside from the excusable neglect appeal before us now, Breit appeals from another order arising out of the court's dismissal of the second sentence reduction motion.[4] On February 14, 1984, Breit filed in the district court a motion for that court to vacate its December 1st dismissal order and to reinstate the Rule 35(b) motion on the docket. The court had dismissed the Rule 35(b) motion by ruling that even though the motion was filed within the required 120-day time period of the rule, the court lacked jurisdiction to rule on the motion outside the expiration of the 120-day period. Relying on the January 26, 1984 decision of this court in *United States v. Schafer*, 726 F.2d 155 (4th Cir.1984), Breit's February 14th motion to vacate was on the ground that *Schafer*, reaffirming prior Fourth Circuit case law, demonstrated that a district court has a reasonable period of time beyond the 120th day within which it may decide a timely-filed Rule 35(b) motion. On June 7, 1984, the district court denied Breit's motion to vacate its order of December 1, 1983, and Breit took an appeal from the June 7th order. This latest appeal, from the district court's denial of the motion to vacate, is treated as an appeal supplemental to Breit's previously filed appeal on the issue of excusable neglect, and we address both questions.

We first consider whether the district court abused its discretion in denying Breit's motion to extend the time within which to file an appeal from the dismissal order of December 1. Under FRAP 4(b), a notice of appeal in a criminal case must be filed within 10 days after entry of the order from which an appeal is to be taken. Rule 4(b), however, permits a district court to extend this time period up to 30 days upon a showing of excusable neglect. The latest date under Rule 4(b) upon which Breit could file his appeal of the December 1st dismissal order was December 12, 1983. *See supra* note 3. Breit failed to file by that date, and on December 15th delivered

---

**2.** This letter in pertinent part stated as follows: We have taken the liberty of filing ... another Rule 35 with the hope in mind that the Court would consider holding in abeyance any decision ... until sufficient time has passed for the Court to make several determinations with regard to Mr. Breit and his family ... something might occur in the next several months or longer that would make us all feel that we would like to help Calvin but then our options would be foreclosed. Some family crisis or some illness could befall someone close to him that would perhaps indicate some consideration in view of the long sentence and no one would be able to help him....

**3.** The dismissal order was entered on December 1, 1983. The tenth day thereafter, December 11, 1983, fell on a Sunday and thus the time for noting an appeal automatically ran to Monday, December 12, 1983. FRAP 26(a).

**4.** All of the briefs were filed on the excusable neglect appeal by May 15, 1984, and oral argument was set for October 4, 1984. Thereafter, the district court ruled against Breit on the motion to vacate on June 7, 1984, and Breit noted his appeal to this decision on June 15. This later appeal was treated by the district court clerk's office as an appeal supplemental to the appeal already briefed for the court. On September 6, 1984, Breit moved to postpone the scheduled argument date because at that time the parties had not prepared the briefs on the appeal from the order of June 7, 1984. Breit's motion to postpone argument was denied, and we required that both issues be argued together on October 4, 1984. Supplemental briefs and appendix were filed.

to the court a notice of appeal accompanied by a motion for extension of time to file the appeal based on excusable neglect. While no affidavit was filed, the brief filed in support of the motion for an extension of time indicates that Breit (then an attorney) learned of the December 1st dismissal order, which had been received by the attorney promptly after December 1st, on December 9th after he made a collect phone call from prison to his son (who was also an attorney).[5] The attorney had sent the order to the son. Thereafter, on December 10th, Breit informed his wife during her visit with him that he wished to appeal the December 1st dismissal order. This information was later conveyed to Breit's son, who in turn, informed Breit's attorney, but by the time the attorney was notified the 10-day period of Rule 4(b) had expired.

■ On this set of facts, Breit argued that the delay was excusable neglect inasmuch as the delay was attributable to family members and to counsel and not to himself. The district court rejected this contention after it considered the circumstances surrounding the delays in getting messages to and from Breit in prison, which was a two-hour drive from his home, and determined that this was not the type of situation for which excusable neglect in Rule 4(b) was meant to provide. We have considered the circumstances surrounding Breit's failure to appeal timely. Whatever we would have done with the motion had we considered it initially, because we do not think the district court abused its discretion in finding there existed no excusable neglect, we affirm the court's order denying Breit's motion to extend the time within which to file an appeal from the Rule 35(b) motion dismissal order of December 1, 1983.

We next consider whether the district court was correct in refusing to vacate its December 1st dismissal order. The essence of the reasoning behind the dismissal order, which Breit now seeks to have vacated, is the district court's interpretation of

then-existing law on the issue of jurisdiction to decide Rule 35(b) motions in light of a dictum in the Supreme Court opinion of *United States v. Addonizio*, 442 U.S. 178, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979). The district court reasoned that even though our decision in *United States v. Stollings*, 516 F.2d 1287 (4th Cir.1975), provides that a court may have a reasonable time after the expiration of the 120-day period to consider a motion which has been timely filed within that period, a dictum in *Addonizio* states that the 120-day period of Rule 35(b) is jurisdictional and may not be extended. 442 U.S. at 189. Relying on this dictum as well as the language of Rule 35(b), Rule 45(b), and the Advisory Committee notes thereto, the court dismissed the motion for want of jurisdiction by reasoning that this court would decide a *Stollings* issue similarly after *Addonizio*. Contrary to that court's expectation, however, this court thereafter decided *United States v. Schafer*, 726 F.2d 155 (4th Cir.1984), in which we reaffirmed *Stollings*. *Id.* at 157–58.

Breit moved to vacate the court's dismissal order on the ground that *Schafer*, reaffirming *Stollings*, establishes that a court has a reasonable time beyond the 120-day period to consider a timely-filed Rule 35(b) motion. The district court denied the motion to vacate by reasoning that notwithstanding its mistaken expectation with respect to a future Fourth Circuit decision on a *Stollings* issue, application of *Stollings* at the time of consideration nevertheless would have required the court to dismiss for lack of jurisdiction because Breit's second Rule 35(b) motion did not present legal or factual issues to be decided within *Stollings'* reasonable time.

■ We think the district court reached the correct result in denying the motion to vacate its December 1st dismissal order. Notwithstanding our agreement with the result, we believe the district court lacked jurisdiction to entertain the motion and decide Breit's motion to vacate on its merits. Accordingly, although the district court's

---

**5.** Counsel for Breit received notice of the dismissal within the 10-day period and forwarded a copy of the opinion to Breit's son, an attorney, who received it on December 8.

reasoning, that the motion merely sought to stay the running of the 120-day period, seems impeccable, we express no opinion as to the correctness of the district court's denial of the motion on its merits since we find that the district court lacked jurisdiction to consider the motion.

Breit, by his motion to vacate, asked the district court to reconsider its dismissal order which had become final at the time Breit failed to file a timely notice of appeal. The finality of the order was not upset by the court's refusal to grant Breit an extension of time within which Breit could file a timely appeal. Moreover, our affirmance of the district court's denial of an extension of time to appeal in no way affects the fact that Breit filed a motion to vacate an order of the district court which had previously become final. In other words, having lost his right to appeal the December 1st order of dismissal, Breit then sought to obtain any advantage post-dismissal case law might bring to him despite the fact that a direct appeal of that dismissal order was no longer available. By analogy to FRCP 60(b), Breit argues that the district court had the inherent power to correct its dismissal order, even though no rule of criminal procedure authorizes such action, simply because the court's order was predicated on a mistaken interpretation of Fourth Circuit law. Because we can find no authority, and none is called to our attention, that would permit a district court to reconsider and vacate an order of that court which has become final in a criminal case, because of the expiration of the time to appeal, we find that the district court lacked jurisdiction to decide Breit's motion to vacate.

■ The general rule at common law in both civil and criminal cases was that a court could modify, vacate, or set aside orders previously entered by that court through mistake or inadvertence provided, however, such reconsideration occurred in the term of court during which the orders were made. *See United States v. Benz,* 282 U.S. 304, esp. 306, 307, 51 S.Ct. 113, esp. 113, 114, 75 L.Ed. 354 (1930). A more recent interpretation of this general common-law rule in the criminal context provides that despite the nonexistence of a specific rule in the Federal Rules of Criminal Procedure, a district court has the inherent power, and thus jurisdiction, to reconsider interlocutory orders prior to entry of judgment on such orders. See, *e.g., United States v. LoRusso,* 695 F.2d 45, 52–53 (2d Cir.1982), *cert. denied,* 460 U.S. 1070, 103 S.Ct. 1525, 75 L.Ed.2d 948 (1983); *United States v. Jerry,* 487 F.2d 600, 604–605 (3d Cir.1973).

■ Terms of court, of course, were abolished by statute some years ago, and the courts of the United States are always open, 28 U.S.C. §§ 138, 452. The effect of these and other changes brought about by practice under the Criminal Rules was to provide a constant and uniform standard of timeliness under the rules and statutes instead of an uncertain and variable one depending on terms of court. See Wright, *Federal Practice and Procedure, Criminal* 2d, Vol. 3A, § 751 (1982); Sen.Rep., U.S.Code Cong. & Ad.News, 88th Cong. 1st Sess. 1963, p. 996. Collateral attack on a criminal judgment is authorized under 28 U.S.C. §§ 2241 and 2255, and relief from a sentencing order is authorized under FRCrP 35. Except appeal from the order or judgment complained of, we know of no other avenue for relief than that provided under the federal statutes and Rules of Criminal and Appellate Procedure. While it undoubtedly is yet the law that interlocutory orders of district courts remain subject to vacation or modification until judgment is entered upon them, see *LoRusso* and *Jerry,* supra, there is no provision similar to FRCP 60(b) for relief after final judgment or order in effect for federal criminal cases. We think a defendant's remedies are limited by the statutes and Federal Rules of Criminal and Appellate Procedure, subject only to vacation or modification of an interlocutory order before it has become final or judgment has been entered thereupon.

Because the order of December 1st Breit sought to have the district court vacate

became final when the time to appeal expired on December 12, 1983, it was no longer interlocutory, and we hold that the district court lacked jurisdiction to entertain the merits of the motion to vacate it. Accordingly, while we find that the court erred in considering the merits of Breit's motion to vacate, we agree with the result that relief should not have been granted upon the motion.

The order of the district court of December 22, 1983 denying leave to file the notice of appeal is affirmed.

The order of the district court of June 7, 1984, on remand will be modified to indicate that the motion to vacate is denied because of lack of jurisdiction to consider the same.

The orders appealed from are

AFFIRMED, as to the December 22, 1983 order, and AFFIRMED AS MODIFIED as to the June 7, 1984 order, and REMANDED WITH INSTRUCTIONS.