862 F.2d 315
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Samuel Lee BELL, Defendant-Appellant.
 No. 88-7215.
 United States Court of Appeals, Fourth Circuit.
 Submitted Sept. 30, 1988.
Decided Nov. 4, 1988.
 
 Samuel Lee Bell, appellant pro se.
 Robert Holt Edmunds, Jr., Assistant U.S. Attorney, for appellee.
 Before WIDENER, K.K. HALL, and ERVIN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Samuel Lee Bell appeals the district court's denial of his motion for rehearing, which he filed in connection with the district court's denial of his motion for reduction of sentence under Fed.R.Crim.P. 35(b). We dismiss the appeal for lack of jurisdiction.
 
 
 2
 Rule 35 motions are considered continuations of the criminal proceedings against a defendant; thus, the ten-day notice of appeal period of Fed.R.App.P. 4(b) applies. See United States v. Breit, 754 F.2d 526, 528-29 (4th Cir.1985); United States v. Guiterrez, 556 F.2d 1217, 1217 (5th Cir.1977). Because Bell did not submit his notice of appeal to prison authorities until 14 days after the district court's order was entered,[1] the appeal was untimely. See Houston v. Lack, 56 U.S.L.W. 4728 (U.S. June 24, 1988) (No. 87-5428) (prisoner's notice of appeal is filed when it is given to prison authorities for mailing to the district court).
 
 
 3
 The time periods established by Fed.R.App.P. 4 are "mandatory and jurisdictional." Browder v. Director, Dep't of Corrections, 434 U.S. 257, 264 (1978) (quoting United States v. Robinson, 361 U.S. 220, 229 (1960)). Bell's failure to note a timely appeal deprives this Court of jurisdiction to consider this case. We therefore dismiss the appeal. We dispense with oral argument because the facts and legal arguments are adequately presented in the materials before the Court and oral argument would not significantly aid the decisional process.[2]
 
 
 4
 DISMISSED.
 
 
 
 [1]
 We assume that the date on the certificate of service is the date he delivered the notice of appeal to prison authorities
 
 
 [2]
 We decline to remand for a determination as to whether Bell should be given an extension of time to appeal. A remand would serve no purpose since Bell's appeal is without merit, as the district court did not abuse its discretion in denying his Rule 35(b) motion or his motion for rehearing of that denial