862 F.2d 871
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Owen Franklin SILVIOUS, Defendant-Appellant.
 No. 88-7033.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Oct. 21, 1988.
Decided: Nov. 18, 1988.
 
 Owen Franklin Silvious, appellant pro se.
 Jean B. Weld (Office of the U.S. Attorney), for appellee.
 Before DONALD RUSSELL, K.K. HALL and MURNAGHAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Owen Franklin Silvious appeals from the order of the district court denying his request for reconsideration of the district court's earlier order denying his motions to reduce or modify his sentence, brought pursuant to Federal Rule of Criminal Procedure 35. Silvious also requests this Court to suspend its rules and to release him on bail pending appeal. We deny these requests and affirm the order of the district court.
 
 
 2
 At the outset we note that most of the arguments and contentions that Silvious raises in his informal brief and other papers filed in this appeal are of a kind more typically brought in a motion for postconviction relief pursuant to 28 U.S.C. Sec. 2255. Silvious requests this Court to suspend such rules as necessary to do justice and to treat his allegations and arguments as a Sec. 2255 application. We note that none of these arguments and allegations have been presented to the district court in proper form and we decline to consider them in the first instance.
 
 
 3
 Silvious's motions for modification or reduction of sentence were denied by the district court on December 8, 1987. Silvious failed to file a notice of appeal from this order within the ten-day period provided by Fed.R.App.P. 4(b). Instead, on January 12, 1988, Silvious filed a "request for reconsideration of motion to reduce sentence." This "request" was denied by order entered January 19, 1988. Silvious's notice of appeal from the January 19th order is timely.
 
 
 4
 The district court's order denying the motions to reduce sentence became final upon expiration of the appeal period on December 18, 1987. The district court thereafter lacked jurisdiction to reconsider its denial of Rule 35 relief. United States v. Breit, 754 F.2d 526, 529-31 (4th Cir.1985). Cf. Nilson Van & Storage v. Marsh, 755 F.2d 362, 364 (4th Cir.) (district court has jurisdiction to entertain motion for reconsideration filed in a criminal case from an order denying relief if the motion is filed before the order sought to be reconsidered becomes final), cert. denied, 474 U.S. 818 (1985); United States v. Healy, 376 U.S. 75 (1964) (same).
 
 
 5
 Accordingly, the district court's order denying the request for reconsideration is affirmed. Because it is not clear from the order whether the denial was on the merits or for lack of jurisdiction we modify the order to show that the denial is based on lack of jurisdiction.
 
 
 6
 In view of our disposition in this case, Silvious's application for release on bail pending review is denied. Because the dispositive issues recently have been decided authoritatively, we dispense with oral argument.
 
 
 7
 AFFIRMED AS MODIFIED.