885 F.2d 867
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Steven H. LUND, Defendant-Appellant.
 No. 89-7586.
 United States Court of Appeals, Fourth Circuit.
 Submitted July 31, 1989.
Decided Sept. 13, 1989.
 
 Steven H. Lund, appellant pro se.
 Liam O'Grady, Office of the United States Attorney, for appellee.
 Before DONALD RUSSELL, WIDENER, and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Stephen H. Lund seeks to appeal the district court's denial of his motion for reduction of sentence under Fed.R.Crim.P. 35(b). We dismiss the appeal for lack of jurisdiction.
 
 
 2
 Rule 35 motions are considered continuations of the criminal proceedings against a defendant, and thus the 10-day appeal period set out in Fed.R.App.P. 4(b) applies. See United States v. Breit, 754 F.2d 526, 528-29 (4th Cir.1985); United States v. Guiterrez, 556 F.2d 1217 (5th Cir.1977). Because Lund did not submit his notice of appeal to prison authorities until 38 days after the district court's order was entered, the appeal was untimely. See Houston v. Lack, 56 U.S.L.W. 4728 (U.S. June 24, 1988) (No. 87-5428) (prisoner's notice of appeal is filed when it is given to prison authorities for mailing to the district court).
 
 
 3
 The time periods established by Fed.R.App.P. 4 are "mandatory and jurisdictional." Browder v. Director, Dep't of Corrections, 434 U.S. 257, 264 (1978). Lund's failure to note a timely appeal deprives this Court of jurisdiction to consider this case. We therefore dismiss the appeal. We dispense with oral argument because the facts and legal arguments are adequately presented in the materials before the Court and oral argument would not significantly aid the decisional process.*
 
 DISMISSED
 
 
 *
 We decline to remand for a determination as to whether Lund should be given an extension of time to appeal. A remand would serve no purpose as Lund's appeal is without merit. The district court did not abuse its discretion in denying his Rule 35(b) motion or his motions for rehearing of that denial