983 F.2d 1057
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Sharon D. BASKERVILLE, Defendant-Appellant.
 No. 91-7636.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: September 21, 1992
Decided: January 11, 1993
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. Richard L. Williams, Senior District Judge. (CR-90-47-R)
 Sharon D. Baskerville, Appellant Pro Se.
 Roger William Frydrychowski, Office of the United States Attorney, Richmond, Virginia, for Appellee.
 E.D.Va.
 Affirmed.
 Before WILKINS and HAMILTON, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 PER CURIAM:
 
 OPINION
 
 1
 Sharon D. Baskerville appeals from the district court's order denying her second Motion for Reconsideration of an earlier order concerning a request for Rule 35(b)[1] relief. Fed. R. Crim. P. 35(b). Because the district court was without authority to consider Baskerville's motion, we affirm.
 
 I.
 
 2
 Baskerville pled guilty to one count of defrauding a federally insured financial institution in violation of 18 U.S.C.A. § 1344 (West Supp. 1992) (count (1)), and two counts of embezzling and misapplying funds of the institution while employed as a branch manager in violation of 18 U.S.C.A. § 657 (West 1976) (counts (2) and (3)). Counts (1) and (3) were subject to sentencing under the sentencing[2] guidelines, while count (2) described a pre-guidelines offense. Baskerville was sentenced in October 1990 to fifty-seven months imprisonment on the guidelines offenses, and received a term of five years (the statutory maximum) on the pre-guidelines offense, in addition to supervised release and a special assessment.
 
 
 3
 On December 29, 1990, Baskerville filed an informal request for modification of her sentence. The district court construed her request as a motion under Rule 35, and partially granted the requested relief by changing the sentence imposed on the pre-guidelines offense to a sentence under 18 U.S.C.A. § 4205(b)(1) (West Supp. 1992) (repealed 1984),[3] and by directing the parole commission to consider Baskerville eligible for parole upon completion of the sentences imposed in connection with the guidelines offenses. The Government then filed a timely motion for reconsideration, which resulted in the court's correction of its order to change the sentence imposed on count (2) from a sentence under § 4205(b)(1) to a sentence under[4] § 4205(b)(2).
 
 
 4
 Twenty-one days later Baskerville filed a Motion for Reconsideration which the court denied for want of jurisdiction. Baskerville then filed another Motion for Reconsideration which the district court likewise denied, but not without purporting to retain jurisdiction to clarify its earlier orders for the parole commission's benefit. Baskerville then filed the present appeal.
 
 II.
 
 5
 This case is controlled by our decision in United States v. Breit, 754 F.2d 526, 530 (4th Cir. 1985), in which we held that an order disposing of a timely Rule 35(b) motion becomes final at the end of the 10-day appeal period, after which time the district court has no authority to reconsider or vacate its decision. Although the government's timely Motion for Reconsideration tolled the initial appeal period in this case, Baskerville's first and second Motions for Reconsideration were filed well beyond the 10-day appeal period following the district court's disposition of the government's motion, thus depriving the court of jurisdiction. Not only did the district court lack authority to consider Baskerville's Motions for Reconsideration, it also lacked authority, pursuant to Breit, to retain jurisdiction for purposes of clarifying its earlier orders.[5] For these reasons, we affirm the district court's denial of Baskerville's second Motion for Reconsideration. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 This case is controlled by former Rule 35(b)
 
 
 [2]
 The offenses occurred after November 1, 1987, the effective date of the federal sentencing guidelines
 
 
 [3]
 Section 4205(b)(1), which was repealed upon enactment of the sentencing guidelines effective November 1, 1987, provided that a sentencing court could "designate in the sentence of imprisonment imposed a minimum term at the expiration of which the prisoner shall become eligible for parole...."
 
 
 [4]
 Section 4205(b)(2), which was also repealed upon enactment of the sentencing guidelines, provided that "the court may fix the maximum sentence of imprisonment to be served in which event the court may specify that the prisoner may be released on parole at such time as the Commission may determine
 
 
 [5]
 We note that if Baskerville was concerned with the parole commission's interpretation of those earlier orders, she had the option of filing a petition under 28 U.S.C.A. § 2241 (West 1971) in the district court with jurisdiction over her person. Chatman-Bey v. Thornburgh, 864 F.2d 804 (D.C. Cir. 1988) (in banc) (challenges to parole commission decisions properly brought under § 2241)