53 F.3d 334
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Oladipo ERINLE, Defendant-Appellant.
 No. 92-1071.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 26, 1995.*
Decided May 2, 1995.
 
 Before CUMMINGS, PELL and MANION, Circuit Judges.
 
 ORDER
 
 1
 Oladipo Erinle, a federal prisoner appearing pro se, appeals from the denial of his motion under Fed.R.Civ.P. 60 for relief from the district court's order denying his motion under Fed.R.Crim.P. 35 to vacate his sentence. We affirm.
 
 
 2
 On September 23, 1987, Erinle was sentenced to a term of ten years imprisonment and five one-year terms of imprisonment, all to be served consecutively, for conspiring to distribute and import heroin and using the telephone to facilitate the conspiracy in violation of 21 U.S.C. Secs. 846 and 843(b). Following this court's February 26, 1990 affirmance of Erinle's conviction, on May 2, 1990, Erinle filed a pro se motion under Fed.R.Crim.P. 35(b) for reduction of his sentence. The district court denied the Rule 35(b) motion on August 27, 1990. On December 26, 1990, Erinle filed a motion seeking information on the status of his Rule 35(b) motion. On January 9, 1991, the district court entered an order providing that the motion had been denied on August 27, 1990. On March 5, 1991, Erinle filed a motion requesting a ruling on his Rule 35(b) motion, stating that he had not yet received any information regarding the status of the motion. On March 11, 1991, Erinle sent a letter to Judge Norgle (who had been presiding over the case) and to the chief judge of the Northern District of Illinois, asking for a ruling on the Rule 35(b) motion. On March 12, 1991, the district court entered an order reiterating that the Rule 35(b) motion had been denied on August 27, 1990.
 
 
 3
 On July 18, 1991, Erinle filed a petition with the district court requesting a writ of mandamus to compel Judge Norgle to issue a decision regarding the Rule 35(b) motion. In a July 30, 1991 order, Judge Rovner, then a district court judge, denied Erinle's request for a writ of mandamus informing him that the district court had already denied his Rule 35(b) motion for modification of sentence. Subsequently, on August 13, 1991, Erinle filed a motion under Fed.R.Civ.P. 60(b) for relief from the August 27, 1990 order denying his Rule 35(b) motion, noting that he had only recently been informed, in the July 30, 1991 order, of the district court's denial of his Rule 35(b) motion. Erinle also requested that he be sent a copy of the district court's August 27, 1990 order denying his Rule 35(b) motion and that he be granted leave to appeal the district court's denial of his Rule 35(b) motion. Erinle argued that had he received a copy of Rule 35(b) motion, he would have filed a timely notice of appeal. While his Rule 60(b) motion was pending in the district court, on September 3, 1991, Erinle filed a notice of appeal from the district court's denial of his Rule 35(b) motion, claiming that although the notice of appeal had not been filed within 10 days of the district court's order, the time for filing did not begin to run until his actual receipt of the order. Since, Erinle claimed, he did not receive the order until August 26, 1991, his notice of appeal filed on September 3, 1991 should be considered timely. That appeal, however, was dismissed on January 17, 1992 for failure to pay the required docketing fee. On December 17, 1991, the district court denied Erinle's Rule 60(b) motion. This timely appeal follows.[1]
 
 
 4
 Erinle's Rule 60(b) motion was filed in an effort to obtain direct appellate review over an order entered in a criminal matter--the district court's denial of his request for modification of sentence under Fed.R.Crim.P. 35(b). Since Rule 60(b) is a rule of Federal Civil Procedure and not Federal Criminal Procedure, Erinle cannot use it to obtain a review of the district court's denial of his Rule 35(b) motion. Fed.R.Civ.P. 1 ("These rules govern the procedure in the United States district courts in all suits of a civil nature...."). Indeed, "there is no provision similar to FRCP 60(b) for relief after final judgment or order in effect for criminal cases." United States v. Breit, 754 F.2d 526, 530 (4th Cir.1985). However, in filing his motion under Rule 60(b), Erinle was requesting the district court to extend the time for filing an appeal of its denial of his Rule 35(b) motion. Hence, Erinle's Rule 60(b) motion could be considered a request for extension of time under Fed.R.App.P. 4(b)(4).
 
 
 5
 Erinle's Rule 60(b) motion was filed approximately one year after entry of the order from which he was attempting to obtain appellate review. Accordingly, the district court was without jurisdiction to extend the time for appeal. Fed.R.App.P. 4(b)(4); United States v. Dumont, 936 F.2d 292, 295 (7th Cir.1991) (once the date of entry of the order appealed from is forty days old, the district court does not have jurisdiction to extend the time for filing a notice of appeal), cert. denied, Atri v. United States, 502 U.S. 950 (1991). Erinle's status as a prisoner proceeding pro se might raise concerns regarding his ability to know when the order had been entered and, therefore, whether he could have filed a timely notice of appeal. Cf. Houston v. Lack, 487 U.S. 266, 270-71 (1988) (because pro se prisoners are unable to monitor the processing of their notices of appeal and cannot travel to the courthouse to see that the notice gets there, notice of appeal is deemed filed at the time it is delivered to prison authorities for forwarding to the district court). However, Erinle has already had an opportunity to have such a claim reviewed by this court by filing a direct appeal from the denial of his Rule 35(b) motion--that appeal has been dismissed for failure to pay the required docketing fees.
 
 
 6
 Accordingly, the district court's order is AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). Appellant has filed a statement requesting oral argument. Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied and the appeal is submitted on the briefs and record
 
 
 [1]
 The government argues that since Erinle's notice of appeal was filed on January 2, 1992, and the order appealed from was dated December 17, 1991, the appeal is untimely. However, since the order denying Erinle's Rule 60(b) motion was not docketed until December 27, 1991, the notice of appeal was timely filed. Fed.R.App.P. 4(b)