59 F.3d 168
NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Jonathan IDEMA, Defendant-Appellant.
 No. 94-5947.
 United States Court of Appeals, Fourth Circuit.
 Submitted May 23, 1995.
Decided June 21, 1995.
 
 Jonathan Idema, Appellant Pro Se.
 Robert Daniel Boyce, Office of the United States Attorney, Raleigh, North Carolina, for Appellee.
 Before MURNAGHAN and MICHAEL, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Jonathan Keith Idema appeals from the order of the district court denying his motion for presentence release. While we affirm the district court's order, we modify the denial to reflect that the motion is denied for lack of jurisdiction.
 
 
 2
 On March 14, 1994, the jury returned a verdict finding Idema guilty of one count of conspiracy to commit wire fraud and fifty-eight counts of aiding and abetting wire fraud. After the verdict was returned, the trial judge ordered that Idema's bail should be revoked, and Idema was detained pending the judge's review of a transcript of Idema's initial detention hearing, which was presided over by a different judge. After review, the trial judge declined to disturb his detention order. Idema did not appeal that decision.
 
 
 3
 Instead, Idema filed a motion for presentence release on May 31, which was denied on July 11 on the ground that Idema made no showing that circumstances had changed since the time of the detention order. Idema did not timely appeal that order.
 
 
 4
 Idema then filed a renewed motion for bail on August 8 and a motion for a new trial on August 19. The last portion of the motion for a new trial again requested presentence release. The court again denied presentence release on the ground that Idema failed to demonstrate a change in circumstances. Idema timely appealed.
 
 
 5
 Idema's motions of May 31, August 8, and August 19 were essentially motions for reconsideration of the trial court's March 14 order denying presentence release. However, in a criminal case, a district court has no jurisdiction to reconsider an order denying relief once the order sought to be reconsidered becomes final. The trial court's order denying presentence release became final upon expiration of the appeal period on March 24. Therefore, the district court lacked jurisdiction to consider Idema's motion.[1] See United States v. Breit, 754 F.2d 526, 530-31 (4th Cir.1985).
 
 
 6
 To the extent Idema argues that his motion should be construed as a motion for modification of detention conditions, his motion must fail. Once convicted, a person may only make a motion for revocation or amendment of an order of detention if that order was issued by a magistrate or by a person other than a judge. See 18 U.S.C. Sec. 3145(b) (1988); 18 U.S.C.A. Sec. 3143(a) (West Supp.1994). Unlike in the case of pretrial detention, see 18 U.S.C.A. Sec. 3142(c)(3) (West Supp.1994), there is no statutory provision providing for amendment of the conditions of confinement or release once a person has been convicted and detained by a judge. Since a district court judge issued the March 14 detention order and denied the motion for release on July 11, the only review authorized by the Federal Rules of Criminal Procedure, once the order became final, was an appeal of that order. 18 U.S.C.A. Sec. 3145(c) (West Supp.1994).[2]
 
 
 7
 Accordingly, we modify the district court's order to reflect that the motion is denied for lack of jurisdiction and affirm the order as modified. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 AFFIRMED AS MODIFIED
 
 
 [1]
 Even if Idema's motion of May 31 is considered the first formal motion for presentence release, the district court still lacked jurisdiction to rule on the instant motion, because the denial of the May 31 motion became final at the expiration of the appeal period on July 21
 
 
 [2]
 Even assuming Idema's August 8 motion could be considered as some sort of motion for modification of detention, it was still properly denied, because no new grounds for release were raised. Idema merely reiterated the arguments in his May 31 motion, which was denied and not timely appealed