**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

In Re: A. H. ROBINS COMPANY,
INCORPORATED,
<u>Debtor.</u>

H. PHILIP GROSSMAN; JAMES F.

SZALLER,
<u>Appellants,</u>

v.

DALKON SHIELD CLAIMANTS TRUST,
<u>Trust-Appellee.</u>

No. 95-2611

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Robert R. Merhige, Jr., Senior District Judge.
(CA-85-1307-R)

Argued: March 5, 1996

Decided: July 15, 1996

Before RUSSELL and WIDENER, Circuit Judges, and
CHAPMAN, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Tyler Perry Brown, HUNTON & WILLIAMS, Rich-
mond, Virginia, for Appellants. Orran Lee Brown, Sr., Richmond,

Virginia, for Appellee. **ON BRIEF:** Lewis T. Booker, Benjamin C. Ackerly, HUNTON & WILLIAMS, Richmond, Virginia, for Appellants. John C. Jeffries, Jr., George A. Rutherglen, UNIVERSITY OF VIRGINIA SCHOOL OF LAW, Charlottesville, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Attorneys H. Philip Grossman and James P. Szaller, (collectively the "Appellants"), appeal the Bankruptcy Court's denial of their motion for an extension of time to file a timely notice of appeal pursuant to Federal Rule of Appellate Procedure 4(a)(5). They contend the Bankruptcy Court erred in failing to grant them an extension of time within which to file a notice of appeal from its final order disallowing unreasonable attorneys fees on pro rata distributions from the Dalkon Shield Claimants Trust. According to Appellants, they established excusable neglect for failing to file a timely notice of appeal, and they should now be permitted to join the consolidated appeal from the Bankruptcy Court's order, docketed in this court as Bergstrom v. Dalkon Shield Claimants Trust, No. 95-2239(L) (4th Cir.).

I.

The Appellants, as well as the Bergstrom attorneys, represented claimants against the Dalkon Shield Claimants Trust ("the Trust"), which was created to compensate personal injury claims arising from the use of the Dalkon Shield intra-uterine device manufactured by A.H. Robins. Section G.14 of the Claims Resolution Facility provided that if funds remained after the initial disposition of all pending claims, the remaining funds would be paid in lieu of punitive damages

2

on a pro rata basis to all <u>claimants</u> who received compensatory damages. Because of the Trustees' diligent management of the Trust's holdings, all claimants who received more than the <u>de minimus</u> amount of $750 will receive an additional payment or pro rata distribution. The Bergstrom attorneys appealed the Bankruptcy Court's final judgment disallowing attorneys' fees in excess of ten percent of the amount of any pro rata distribution. The Appellants appeal the Bankruptcy Court's order denying their motion for an extension of time to file a notice of appeal from the same final judgment, because they failed to file a timely notice of appeal within the requisite thirty days under Fed.R.App.P. 4(a)(1).

Appellants contend the Bankruptcy Court erred in failing to find "excusable neglect" pursuant to Fed.R.App.P. 4(a)(5). They argue that they established excusable neglect by showing that they believed the law firm of Hunton & Williams had jointly included them in the Bergstrom appeal from the Bankruptcy Court's final order. We believe it was incumbent on the Appellants to make a more concerted effort to confirm that they were joined in the Bergstrom Appeal. As a general matter, coordination problems or miscommunications between lawyers, or between lawyers and their clients, have not amounted to excusable neglect. Cf. United States v. Breit, 754 F.2d 526, 529 (4th Cir. 1985) (holding that failure to appeal because of miscommunication between appellant and family members was not excusable neglect); RCA Corporation v. Local 241 , 700 F.2d 921, 924 (3rd Cir. 1983) (holding that coordination problems between two law offices was not excusable). In sum, the Bankruptcy Court did not abuse its discretion in finding that the Appellants failed to demonstrate excusable neglect or good cause warranting an extension of time to file an appeal.

II.

For the foregoing reasons, the Bankruptcy Court's denial of Appellants' motion for extension of time is

AFFIRMED.

3