**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 07-6463

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

TERRY WILLIAM STEWART,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Lacy H. Thornburg, District Judge. (3:01-cr-00011-2)

Submitted: November 28, 2007          Decided: December 28, 2007

Before MICHAEL, TRAXLER, and GREGORY, Circuit Judges.

Remanded by unpublished per curiam opinion.

Terry William Stewart, Appellant Pro Se. Anne Magee Tompkins, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Terry William Stewart appeals the district court's orders (1) denying his Fed. R. Civ. P. 59(e) motion to alter or amend the court's order denying his Fed. R. Civ. P. 60(b) motion for reconsideration of his criminal judgment; and (2) denying his motion for adjustment of restitution payments pursuant to 18 U.S.C. § 3572 (2000). In criminal cases, a defendant must file his notice of appeal within ten days of the entry of judgment. Fed. R. App. P. 4(b)(1). With or without a motion, the district court may grant an extension of time to file of up to thirty days upon a showing of excusable neglect or good cause. Fed. R. App. P. 4(b)(4); United States v. Reyes, 759 F.2d 351, 353 (4th Cir. 1985). These time periods are mandatory and jurisdictional. United States v. Raynor, 939 F.2d 191, 196 (4th Cir. 1991).

With respect to Stewart's appeal of his Rule 59(e) motion, it was incumbent upon Stewart to file his notice of appeal within ten days of the March 6, 2007 order, i.e., by March 20, 2007. See Fed. R. App. P. 26(a)(2) (providing that intermediate Saturdays, Sundays, and legal holidays are excluded when period is less than eleven days). The district court could have extended the time within the next thirty days, or until April 19. Fed. R. App. P. 4(b)(4). By Stewart's own account, the notice of appeal was

- 2 -

filed at the earliest on March 23, 2007.[1]  In his notice of appeal, Stewart claimed that he did not receive a copy of the denial of his motion; rather, he learned of the denial from his wife who observed the denial on the case docket on the internet.

With respect to Stewart's appeal of the district court's March 13, 2007, order denying his pro se motion under § 3572 for adjustment of restitution payments, it was incumbent upon Stewart to file his notice of appeal by March 27, 2007.  Stewart filed his notice of appeal at the earliest on April 6, 2007, within the thirty-day period after expiration of the ten-day appeal period. In his notice of appeal, Stewart claimed he did not receive his copy of the order until March 23, 2007.

We remanded the case, which includes both orders, to the district court for that court to determine whether Stewart could demonstrate excusable neglect or good cause warranting an extension of the appeal period as to the appealed orders.  On remand, the district court noted in detail the "tortured procedural history due to the prolific, harassing and frivolous pro se filings" of Stewart.  The district court explained that Stewart's pro se motions were denied because his appeal of his amended judgment was pending in this Court and Stewart, who was represented by counsel, had been clearly instructed to address the district court only

---

[1]Because Stewart is incarcerated, the filing date is determined pursuant to Houston v. Lack, 487 U.S. 266, 276 (1988).

through counsel.  Finding that Stewart's filings were frivolous, made without counsel, and designed to harass the judicial system, and noting Stewart's history of prolific pro se filings, the district court found no good cause or excusable neglect for filing untimely notices of appeal.

A district court's finding regarding excusable neglect justifying an extension of the appeal period under Rule 4(b) is reviewed for abuse of discretion.  United States v. Breit, 754 F.2d 526, 528-29 (4th Cir. 1985).  A determination of excusable neglect is based on several factors, including "the danger of prejudice [to the opposing side], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith."  Pioneer Inv. Servs. Co. v. Brunswick Assocs., 507 U.S. 380, 395 (1993).  The most important of these factors is the untimely party's reason for delay.  Thompson v. E.I. DuPont de Nemours & Co., 76 F.3d 530, 534 (4th Cir. 1996).

An abuse of discretion manifests "in a failure or refusal, either express or implicit, actually to exercise discretion, deciding instead as if by general rule, or even arbitrarily, as if neither by rule nor discretion."  James v. Jacobson, 6 F.3d 233, 239 (4th Cir. 1993).  A district court may also abuse its discretion in failing to take into account

- 4 -

judicially recognized factors constraining its exercise or by an exercise that is flawed by erroneous factual or legal premises. Id.

The timely filing of a notice of appeal is jurisdictional and a necessary prerequisite to reaching the merits of an appeal.[2] While all of the district court's assertions may be proper grounds to deny Stewart relief on his motions, they do not implicate the jurisdictional considerations with respect to whether Stewart established excusable neglect warranting an extension of the appeal period. In fact, on remand, the court did not consider any factor pertaining to the untimely notices of appeal, such as the reason for delay in filing the notice of appeal and the length of the delay. Because the district court failed to take into account the judicially recognized factors in determining whether excusable neglect exists to excuse the untimely filing of the notices of appeal, we are constrained to remand to the district court again for further consideration. The record as supplemented with the district court's findings on remand will then be returned to this court. We dispense with oral argument because the facts and legal

---

[2]Even assuming without deciding that the district court was not vested with jurisdiction over Stewart's pro se motions because his direct appeal was pending, this court would still have jurisdiction over a timely appeal of the district court's orders denying the subject motions.

contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

REMANDED