**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-6463**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

       v.

TERRY WILLIAM STEWART,

              Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Lacy H. Thornburg, District Judge.  (3:01-cr-00011-2)

Submitted:  January 28, 2010       Decided:  February 16, 2010

Before TRAXLER, Chief Judge, and MICHAEL and GREGORY, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Terry William Stewart, Appellant Pro Se.  Anne Magee Tompkins, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Terry William Stewart seeks to appeal the district court's orders (1) denying his Fed. R. Civ. P. 59(e) motion to alter or amend the district court's previous order denying his Fed. R. Civ. P. 60(b) motion for reconsideration of his criminal judgment; and (2) denying his motion for adjustment of restitution payments pursuant to 18 U.S.C. § 3572 (2000). In criminal cases, the defendant must file the notice of appeal within ten days after the entry of judgment. Fed. R. App. P. 4(b)(1)(A). With or without a motion, upon a showing of excusable neglect or good cause, the district court may grant an extension of up to thirty days to file a notice of appeal. Fed. R. App. P. 4(b)(4); United States v. Reyes, 759 F.2d 351, 353 (4th Cir. 1985). This court reviews a district court's excusable neglect determination for an abuse of discretion. United States v. Breit, 754 F.2d 526, 529 (4th Cir. 1985).

The district court entered judgments on March 6, 2007, and March 13, 2007. Stewart filed his notices of appeal at the earliest on March 23, 2007, and April 6, 2007, respectively-- within the thirty-day period after expiration of the ten-day appeal period. We remanded the case three times to the district court for the limited purpose of determining whether Stewart had shown excusable neglect or good cause to warrant an extension of time to file a notice of appeal. In its last order, the

2

district court, after explicitly considering Stewart's proffered reasons for the delay as directed by this court, determined that an extension of the appeal period was not warranted with respect to either appealed order. We conclude that the district court did not abuse its discretion in making this determination. See Pioneer Inv. Servs. Co. v. Brunswick Assocs., 507 U.S. 380, 395 (1993) (providing standard for excusable neglect determination).

Because the district court declined to extend the appeal periods, Stewart's notices of appeal were not timely filed. Accordingly, we grant Stewart's motion for extension of time to file a response to the district court's order and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED