**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-6900**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

JOHNNY JOSEPH, a/k/a Joe Sanders,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Florence. Cameron McGowan Currie, District Judge. (4:00-cr-00067-CMC-1)

Submitted: November 17, 2011          Decided: November 29, 2011

Before WILKINSON, MOTZ, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Johnny Joseph, Appellant Pro Se. Alfred William Walker Bethea, Jr., Assistant United States Attorney, Florence, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Johnny Joseph appeals from the district court's order construing his motion to reopen his criminal proceeding as a successive 28 U.S.C.A. § 2255 (West Supp. 2011) motion and dismissing it as such. On appeal, Joseph asserts that his motion was improperly recharacterized. We affirm.

In Castro v. United States, 540 U.S. 375 (2003), the Supreme Court held that, before a district court recharacterizes a motion that a pro se federal prisoner has labeled differently as his first § 2255 motion, the court must notify the pro se litigant that it intends to recharacterize the pleading, warn the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on "second or successive" motions, and provide the litigant an opportunity to withdraw the motion or amend it so that it contains all the § 2255 claims he believes he has. 540 U.S. at 383. If the district court fails to provide the warning, "the motion cannot be considered to have become a § 2255 motion for purposes of applying to later motions the law's 'second or successive' restrictions." Id. Because Joseph's motion to reopen was not construed as his first § 2255 motion, Castro's holding is inapplicable. Joseph's prior § 2255 motion already restricted any second or successive motions, so any improper recharacterization was harmless.

2

Moreover, neither the federal statutes nor the Rules of Criminal and Appellate Procedure provide for a motion to reopen or a motion for reconsideration in a criminal case. Joseph must seek relief under § 2255 or 28 U.S.C.A. § 2241 (West 2006 & Supp. 2011). See United States v. Breit, 754 F.2d 526, 530-31 (4th Cir. 1985). Accordingly, the district court's decision to recharacterize the motion was proper as there was no other avenue through which Joseph could raise his claims.

Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED