**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 13-7016

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

KENNETH LEE FOSTER,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Asheville.  Martin K. Reidinger, District Judge.  (1:09-cr-00013-MR-DLH-8)

Submitted:  November 26, 2013        Decided:  December 4, 2013

Before WILKINSON, AGEE, and DAVIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Kenneth Lee Foster, Appellant Pro Se.  Amy Elizabeth Ray, Assistant United States Attorney, Jill Westmoreland Rose, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina; Thomas A. O'Malley, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kenneth Lee Foster appeals the denial of his Fed. R. Crim. P. 33 motion for a new trial and the district court's refusal to reconsider that denial. We affirm.

First, we find no abuse of discretion in the denial of Foster's motion for a new trial. United States v. Moore, 709 F.3d 287, 292 (4th Cir. 2013). To receive a new trial based on an alleged Brady* violation, a defendant must "show that the undisclosed evidence was (1) favorable to him either because it is exculpatory, or because it is impeaching; (2) material to the defense, i.e., prejudice must have ensued; and (3) that the prosecution had [the] materials and failed to disclose them." United States v. Wilson, 624 F.3d 640, 661 (4th Cir. 2010) (internal quotation marks omitted). Similarly, to receive a new trial based simply on newly discovered evidence, a defendant must show that: (1) the evidence is newly discovered; (2) he has been diligent in uncovering it; (3) the evidence is not merely cumulative or impeaching; (4) the evidence is material to the issues involved; and (5) the evidence would probably produce an acquittal. Moore, 709 F.3d at 292.

Here, the success of Foster's request for a new trial based on the Government's alleged violation of its disclosure

_____

* Brady v. Maryland, 373 U.S. 83 (1963).

2

obligations under 18 U.S.C. § 2518(9) (2012) turned on the conclusion that the wiretaps used in the investigation of Foster's crimes were not properly authorized by the Department of Justice. 18 U.S.C. § 2516(1) (2012). However, Foster's failure to properly raise that issue at trial or on direct appeal prevented the district court from reaching such a conclusion absent exceptional circumstances. United States v. Pileggi, 703 F.3d 675, 679-82 (4th Cir. 2013) (discussing mandate rule). Having carefully reviewed the record, we conclude that Foster failed to make the requisite showing because the evidence Foster claims the Government improperly withheld does not impugn the validity of the wiretaps in question.

Because the district court also correctly found that it lacked authority to reconsider its final order denying Foster's motion for a new trial, see United States v. Breit, 754 F.2d 526, 530 (4th Cir. 1985), we affirm the district court's orders. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED