**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 13-7930**

_____

UNITED STATES OF AMERICA,

                Plaintiff – Appellee,

     v.

CHRISTOPHER C. MOORE,

                Defendant - Appellant.

_____

Appeal from the United States District Court for the Western District of Virginia, at Big Stone Gap. James P. Jones, District Judge. (2:11-cr-00004-JPJ-1; 2:13-cv-80654-JPJ-RSB)

_____

Submitted: April 29, 2014          Decided: May 22, 2014

_____

Before NIEMEYER, DIAZ, and FLOYD, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Christopher C. Moore, Appellant Pro Se. Zachary T. Lee, Assistant United States Attorney, Abingdon, Virginia; Kartic Padmanabhan, OFFICE OF THE UNITED STATES ATTORNEY, Roanoke, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Christopher C. Moore appeals the district court's order denying his motion for a new trial pursuant to Fed. R. Crim. P. 33, and its order denying reconsideration of that order. For the reasons that follow, we affirm.

We review a district court's denial of a Rule 33 motion for abuse of discretion. United States v. Robinson, 627 F.3d 941, 948 (4th Cir. 2010). Rule 33 permits the court to vacate a criminal judgment and grant a new trial on the defendant's motion "if the interest of justice so requires." Fed. R. Crim. P. 33(a). To establish his entitlement to a new trial based on newly-discovered evidence,[*] the defendant must satisfy a five-prong test by demonstrating that "(1) the evidence is newly discovered; (2) the defendant exercised due diligence; (3) the newly discovered evidence is not merely cumulative or impeaching; (4) the evidence is material; and (5) the evidence would probably result in acquittal at a new trial." United States v. Moore, 709 F.3d 287, 292 (4th Cir. 2013).

---

[*] Moore does not assign error to the district court's construction of his motion as one seeking relief based on newly-discovered evidence. Insofar as Moore's motion sought a new trial on other grounds, it was properly denied as untimely. See Fed. R. Crim. P. 33(b)(2) (requiring motion for new trial not based on newly-discovered evidence to be filed within fourteen days of verdict).

Moore's Rule 33 motion primarily relied upon a December 3, 2009, investigatory memorandum, which states that Moore invoked his right to counsel when officers attempted to interview him following the incident that formed the basis for his conviction. In some circumstances, of course, further custodial interrogation by government agents after an invocation of the right to counsel constitutes a Fifth Amendment violation. See Edwards v. Arizona, 451 U.S. 477, 484-85 (1981) (holding that, when suspect invokes right to counsel during custodial interrogation, he may not be questioned further until he reinitiates later discussions with police and waives right to counsel). However, even if the district court erred in concluding that Moore could not meet the Rule 33 requirements of materiality and a likely effect on the verdict, Moore failed to make the requisite showing for a new trial because he has not demonstrated that the December 3 report was newly discovered. To the contrary, the record shows that the Government attached the report to a pretrial pleading to which Moore's trial counsel had access. See United States v. Fulcher, 250 F.3d 244, 250 (4th Cir. 2001) (recognizing that "newly discovered evidence means evidence discovered since the trial" (internal quotation marks and citation omitted)). Moreover, because Moore should have been aware of the factual predicate of his claim at the time of his trial, he cannot demonstrate that he diligently

3

pursued his claim. Our review of the record indicates that Moore's motion failed to make the requisite showing to obtain relief under Rule 33 on any basis, and thus the district court did not abuse its discretion in denying the motion.

Turning to Moore's subsequent motion for reconsideration, motions for reconsideration of final judgments or orders in criminal cases are not authorized by either statute or the Federal Rules of Criminal Procedure. See United States v. Breit, 754 F.2d 526, 530 (4th Cir. 1985). Because the court lacked authority to grant reconsideration of its order denying a new trial, its denial of the motion was not error.

Accordingly, we affirm both the district court's order denying a new trial and its order denying reconsideration. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

4