**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-4142**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

GARLIN RAYMOND FARRIS, a/k/a G,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Robert J. Conrad, Jr., District Judge.  (3:18-cr-00099-RJC-DCK-1)

Submitted: January 26, 2021                           Decided:  February 3, 2021

Before WILKINSON and WYNN, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Michael W. Patrick, LAW OFFICE OF MICHAEL W. PATRICK, Chapel Hill, North Carolina, for Appellant.  R. Andrew Murray, United States Attorney, Charlotte, North Carolina, Amy E. Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Garlin Raymond Farris appeals his jury conviction for various drug offenses and resulting 288-month sentence. He argues that the district court abused its discretion in denying his motion for extension of time to file a Fed. R. Crim. P. 33 motion for new trial and that the district court clearly erred in applying an offense level enhancement for his role in the offense under U.S. Sentencing Guidelines Manual § 3B1.1(b) (2018). We affirm.

Farris challenges the district court's denial of his motion for extension of time to file a Rule 33 motion for new trial based on ineffective assistance of counsel and the dismissal of his Rule 33 motion. The district court premised its denial on the determination that Farris failed to establish excusable neglect under Fed. R. Crim. P. 45(b)(1)(B). We review this determination for abuse of discretion. *See United States v. Cates*, 716 F.3d 445, 448 (7th Cir. 2013) (stating that review of excusable neglect determination under Fed. R. Crim. P. 45(b)(1)(B) is for abuse of discretion); *see also United States v. Breit*, 754 F.2d 526, 528-29 (4th Cir. 1985) (applying abuse of discretion standard to assess claim that criminal defendant's delay in filing notice of appeal was excusable neglect).

In *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership*, 507 U.S. 380, 395 (1993), the Supreme Court set forth the factors to be considered when determining whether a late filing is due to excusable neglect: "the danger of prejudice [to the opposing party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." The determination of whether

2

neglect is excusable "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Id.* Moreover, [t]he *Pioneer* factors do not carry equal weight; the excuse given for the late filing must have the greatest import." *United States v. Munoz*, 605 F.3d 359, 372 (6th Cir. 2010) (internal quotation marks omitted); *see also Thompson v. E.I. DuPont de Nemours & Co., Inc.*, 76 F.3d 530, 534 (4th Cir. 1996) (holding in a civil case that "[t]he most important of the factors identified in *Pioneer* for determining whether neglect is excusable is the reason for the [delay]" (internal quotation marks omitted)).

Here, Farris' motion was filed seven months after the time period in Rule 33 expired and nearly five months after the post-verdict substitution of counsel. Farris offered no excuse for the delay other than a threadbare assertion of excusable neglect. Given that the "critical" factor in the inquiry—the reason for Farris' delay—weighs against him, Farris has not established that the district court abused its discretion by concluding that he failed to establish his delay was excusable. *Munoz*, 605 F.3d at 372.

Next, Farris challenges the district court's imposition of the three-level enhancement under § 3B1.1(b) for his role in the offense. We review the district court's application of the enhancement under § 3B1.1(b) for clear error. *See United States v. Steffen*, 741 F.3d 411, 414 (4th Cir. 2013). The enhancement applies if a defendant managed or supervised—but was not an organizer or leader of—participants in a criminal activity that involved at least five people or was "otherwise extensive." USSG § 3B1.1(b) & cmt. n.2; *see United States v. Wolf*, 860 F.3d 175, 198 (4th Cir. 2017). Managing or supervising even one participant is sufficient for application of the

enhancement. *See Steffen*, 741 F.3d at 415-16. We conclude that the district court did not err in determining that Farris exercised sufficient control over participants in the conspiracy for the enhancement to apply.

Finally, Farris, who is represented by counsel, seeks to file a pro se supplemental brief. However, "an appellant who is represented by counsel has no right to file pro se briefs or raise additional substantive issues in an appeal." *United States v. Cohen*, 888 F.3d 667, 682 (4th Cir. 2018). We therefore deny Farris' motion to file a supplemental pro se brief.

We affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*