**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.

DARRELL L. PADGETT,
            *Defendant-Appellant.*

No. 02-6559

Appeal from the United States District Court
for the Southern District of West Virginia, at Bluefield.
Elizabeth V. Hallanan, Senior District Judge.
(CR-91-166, CA-01-4)

Submitted: March 26, 2003

Decided: April 21, 2003

Before WIDENER, NIEMEYER, and MICHAEL, Circuit Judges.

Dismissed by unpublished per curiam opinion.

### COUNSEL

Darrell L. Padgett, Appellant Pro Se. Michael Lee Keller, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Darrell L. Padgett seeks to appeal the district court's orders denying his 18 U.S.C. § 3582 (2000) motion and his motion for reconsideration. We dismiss the appeal for lack of jurisdiction, because the notice of appeal was not timely filed.

In § 3582 proceedings, parties are accorded ten days after the entry of the district court's final judgment or order to note an appeal, Fed. R. App. P. 4(b)(1)(A); *see also United States v. Alvarez*, 210 F.3d 309, 310 (5th Cir. 2000) (holding that § 3582 proceeding is criminal in nature), unless the district court extends the appeal period based on a finding of excusable neglect or good cause. Fed. R. App. P. 4(b)(4). This appeal period is "mandatory and jurisdictional." *Browder v. Director, Dep't of Corr.*, 434 U.S. 257, 264 (1978).

The district court's order was entered on the docket on February 26, 2002. Padgett's notice of appeal was dated March 26 and filed April 3. We previously remanded to the district court for a determination of whether Padgett had shown excusable neglect or good cause warranting an extension of the appeal period. The district court found that Padgett had not made the required showing, and the case has now been returned to this court.

We review a district court's determination of excusable neglect for an abuse of discretion. *United States v. Breit*, 754 F.2d 526, 528 (4th Cir. 1985). Padgett contends that the appeal period should be extended because (1) he relied on the fact that the district court's clerk placed his case on the civil docket and assumed that the longer civil appeal period applied, and (2) he did not receive the final order until March 4. After carefully reviewing the record, we find that the district court did not abuse its discretion by declining to extend the appeal period. *See James v. Jacobson*, 6 F.3d 233, 239 (4th Cir. 1993) (stating that abuse of discretion may occur by failure to exercise discretion, failure to take into account judicially recognized factors constraining exercise of discretion, or erroneous factual or legal premises).

While the district court clerk's office apparently erred by classifying the case as a civil suit, Padgett was not misinformed as to the applicable appeal period, and the law is clear that § 3582 suits are subject to a ten-day appeal period. *See Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 392 (1993) (holding that "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect."). Regarding Padgett's claim that he did not receive the order until March 4, Padgett still had adequate time to file a notice of appeal before the March 8 deadline, and he provides no excuse for his failure to do so. *See Thompson v. E.I. DuPont de Nemours & Co.*, 76 F.3d 530, 534 (4th Cir. 1996) ("The most important of the factors identified in *Pioneer* for determining whether 'neglect' is 'excusable' is the reason for the failure to file [a timely] notice of appeal.").

Accordingly, we dismiss the appeal as untimely and deny Padgett's motions for transmittal of the docket and for release pending appeal. We dispense with oral argument, because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*DISMISSED*