**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 09-5126**

_____

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

      v.

RANDY KENDRELL SIMPSON, a/k/a Cheese,

              Defendant - Appellant.

_____

Appeal from the United States District Court for the Middle
District of North Carolina, at Greensboro.  N. Carlton
Tilley, Jr., Senior District Judge.  (2:96-cr-00011-NCT-1)

_____

Submitted:  April 1, 2010          Decided:  April 16, 2010

_____

Before MOTZ, DUNCAN, and AGEE, Circuit Judges.

_____

Remanded by unpublished per curiam opinion.

_____

G. Godwin Oyewole, Washington, D.C., for Appellant. Michael
Francis Joseph, Angela Hewlett Miller, Assistant United States
Attorneys, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Randy Kendrell Simpson seeks to appeal the district court's order revoking supervised release and imposing a forty-two month prison term. In criminal cases, the defendant must file the notice of appeal within ten days after the entry of judgment. Fed. R. App. P. 4(b)(1)(A).[*] With or without a motion, upon a showing of excusable neglect or good cause, the district court may grant an extension of up to thirty days to file a notice of appeal. Fed. R. App. P. 4(b)(4); United States v. Reyes, 759 F.2d 351, 353 (4th Cir. 1985).

Although the time limitations imposed by Rule 4(b) are not jurisdictional, United States v. Urutyan, 564 F.3d 679, 685 (4th Cir. 2009), they "must be enforced by th[e] court when properly invoked by the government." United States v. Mitchell, 518 F.3d 740, 744 (10th Cir. 2008). The Government has moved to dismiss Simpson's appeal as untimely filed.

The district court entered its judgment on October 8, 2009. Simpson filed his notice of appeal on November 19, 2009, after the ten-day period expired but within the thirty-day

---

[*] On December 1, 2009, amendments to the Federal Rules of Appellate Procedure took effect altering certain time periods and the calculation of specific time periods. The events relevant to this appeal all occurred prior to that date. We therefore apply the rules as they existed before December 1, 2009.

excusable neglect period. Because the notice of appeal was filed within the excusable neglect period, we defer action on the Government's motion to dismiss and remand the case to the district court for the court to determine whether Simpson has shown excusable neglect or good cause warranting an extension of the ten-day appeal period. The record, as supplemented, will then be returned to this court for further consideration.

REMANDED