**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-5126**

UNITED STATES OF AMERICA,

 Plaintiff - Appellee,

 v.

RANDY KENDRELL SIMPSON, a/k/a Cheese,

 Defendant – Appellant.

Appeal from the United States District Court for the Middle
District of North Carolina, at Greensboro. N. Carlton
Tilley, Jr., Senior District Judge. (2:96-cr-00011-NCT-1)

Submitted: December 10, 2010      Decided: January 6, 2011

Before MOTZ, DUNCAN, and AGEE, Circuit Judges.

Remanded by unpublished per curiam opinion.

G. Godwin Oyewole, McLean, Virginia, for Appellant. Michael
Francis Joseph, Angela Hewlett Miller, Assistant United States
Attorneys, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Randy Kendrell Simpson seeks to appeal the district court's judgment revoking his supervised release and imposing a forty-two month prison term. At the time Simpson filed his notice of appeal, the applicable rule provided that, in criminal cases, the defendant was accorded ten days after the entry of judgment within which to file his notice of appeal. Fed. R. App. P. 4(b)(1)(A)(i).[*] With or without a motion, upon a showing of excusable neglect or good cause, the district court possessed authority to grant an extension of up to thirty days to file a notice of appeal. Fed. R. App. P. 4(b)(4); United States v. Reyes, 759 F.2d 351, 353 (4th Cir. 1985). Although the time limitations imposed by Rule 4(b) are not jurisdictional, United States v. Urutyan, 564 F.3d 679, 685 (4th Cir. 2009), they "must be enforced by th[e] court when properly invoked by the [G]overnment." United States v. Mitchell, 518 F.3d 740, 744 (10th Cir. 2008). The Government has moved to dismiss Simpson's appeal as untimely filed.

The district court entered judgment on October 8, 2009. The ten-day appeal period expired on October

---

[*] On December 1, 2009, amendments to the Federal Rules of Appellate Procedure took effect altering both appeal periods and the methods for calculating dates. The amendments are not implicated in this appeal, and we therefore apply the rules as they existed before December 1, 2009.

2

23, 2009. See Fed. R. App. P. 26(a). The thirty-day excusable neglect period expired on November 23, 2009. Simpson filed his notice of appeal on November 19, 2009. We remanded the case to the district court for that court to determine whether Simpson could demonstrate excusable neglect or good cause warranting an extension of the appeal period. United States v. Simpson, 374 F. App'x 462 (4th Cir. 2010) (No. 09-5126). On remand, without ordering or obtaining a response from Simpson, the district court determined that he failed to demonstrate excusable neglect or good cause.

A district court's finding regarding excusable neglect justifying an extension of the appeal period under Rule 4(b) is reviewed for abuse of discretion. See United States v. Breit, 754 F.2d 526, 528-29 (4th Cir. 1985). A determination of excusable neglect is to be based on several factors, including "the danger of prejudice [to the opposing side], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993). The most important of these factors is the untimely party's reason for delay. Thompson v. E.I. DuPont de Nemours & Co., Inc., 76 F.3d 530, 534 (4th Cir. 1996). A district court abuses its discretion by

3

failing to take into account judicially-recognized factors constraining its exercise. James v. Jacobson, 6 F.3d 233, 239 (4th Cir. 1993).

Because the district court never provided Simpson with an opportunity to account for the untimely filing of the notice of appeal, its excusable neglect determination was made without it having first considered any reason Simpson may have had for failing to file the notice on time. Further, after review of the record, we find no indication that the district court considered any other factors relevant to its excusable neglect determination. Because the district court failed to take account of judicially-recognized factors in making its excusable neglect determination, we again remand the case to the district court for the court to determine whether excusable neglect or good cause warrant an extension of the ten-day appeal period. The district court is instructed on remand to provide Simpson with an opportunity to account for the untimely notice of appeal and address any factors relevant to its excusable neglect determination. The record, as supplemented, will then be returned to this court for further consideration.

REMANDED