**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 22-4181**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

SAMSON A. OGUNTUYI,

Defendant - Appellant.

_____

Appeal from the United States District Court for the District of Maryland, at Baltimore. Julie R. Rubin, District Judge.  (1:20-cr-00285-JRR-2)

_____

Submitted:  September 5, 2024                    Decided:  September 18, 2024

_____

Before KING, AGEE, and BENJAMIN, Circuit Judges.

_____

Dismissed by unpublished per curiam opinion.

_____

**ON BRIEF:**  Mirriam Z. Seddiq, SEDDIQ LAW FIRM, Rockville, Maryland, for Appellant.  Jason Daniel Medinger, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Samson A. Oguntuyi pled guilty, pursuant to a plea agreement, to conspiracy to commit bank and mail fraud, in violation of 18 U.S.C. § 1349; bank fraud and aiding and abetting the same, in violation of 18 U.S.C. §§ 2, 1344; and aggravated identity theft and aiding and abetting the same, in violation of 18 U.S.C. §§ 2, 1028A(a)(1), (c)(5).   On March 1, 2022, the district court sentenced Oguntuyi to 54 months' imprisonment, a downward variance from his advisory Sentencing Guidelines range.     And on March 2, 2022, the district court entered its judgment on the docket.  Oguntuyi filed his notice of appeal on March 23, 2022.

On appeal, counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether the district court erred by failing to consider one of Oguntuyi's nonfrivolous arguments for a lesser sentence and by paraphrasing the special conditions of supervised release. Oguntuyi filed a pro se supplemental brief raising multiple challenges to his convictions and sentence.  The Government moved to dismiss the appeal as untimely.  After reviewing the parties' submissions, we deferred ruling on the motion and remanded the case to the district court to determine whether Oguntuyi had shown excusable neglect or good cause warranting an extension of the appeal period.  The district court found that Oguntuyi had not shown excusable neglect or good cause and denied his motion for an extension of the appeal period.  Oguntuyi now challenges that decision, arguing, as he did in the district court, that he is entitled to an extension of the appeal period because counsel rendered

2

ineffective assistance by failing to file a notice of appeal after Oguntuyi timely instructed him to do so.

A criminal defendant must file a notice of appeal within 14 days after the entry of the judgment. Fed. R. App. P. 4(b)(1)(A)(i). Upon a showing of excusable neglect or good cause, however, the district court may grant an extension of up to 30 days to file the notice of appeal. Fed. R. App. P. 4(b)(4). We review a district court's decision whether to grant such an extension for an abuse of discretion. *See United States v. Breit*, 754 F.2d 526, 528-29 (4th Cir. 1985). "A district court abuses its discretion when it acts arbitrarily or irrationally, fails to consider judicially recognized factors constraining its exercise of discretion, relies on erroneous factual or legal premises, or commits an error of law." *United States v. Davis*, 99 F.4th 647, 653 (4th Cir. 2024) (internal quotation marks omitted).

Counsel's failure to file a notice of appeal following a criminal defendant's unequivocal and timely request constitutes ineffective assistance of counsel regardless of the likelihood of success on the merits. *United States v. Poindexter*, 492 F.3d 263, 268-69 (4th Cir. 2007); *see Roe v. Flores-Ortega*, 528 U.S. 471 477 (2000) (explaining that counsel "acts in a manner that is professional unreasonable" when he "disregards specific instructions from the defendant to file a notice of appeal"). Moreover, a waiver of appellate rights in a plea agreement does not absolve counsel of his duty to file a notice of appeal upon the defendant's unequivocal instruction to do so. *Poindexter*, 492 F.3d at 271.

Where the defendant does not unequivocally instruct counsel to file a notice of appeal, counsel may still have a duty to consult with the defendant about an appeal. *Flores-*

3

*Ortega*, 528 U.S. at 478.  The duty to consult arises "when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Id.* at 480.  "For an attorney to 'consult,' that attorney must advise the client about the advantages and disadvantages of an appeal and make reasonable efforts to ascertain the client's wishes."  *Bostick v. Stevenson*, 589 F.3d 160, 166 (4th Cir. 2009).

Here, the parties dispute the date on which Oguntuyi unequivocally requested that counsel file a notice of appeal.  We conclude that the district court did not abuse its discretion in finding that Oguntuyi did not render such an unequivocal request until March 18, 2022, two days after the expiration of the appeal period.  Oguntuyi contends that his March 1 email to counsel served as an unequivocal request for an appeal, but we conclude that the district court did not abuse its discretion in finding that this email was ambiguous and that counsel reasonably construed the email as an expression of Oguntuyi's interest in appealing.  The March 1 email, therefore, triggered counsel's duty to consult with Oguntuyi about the propriety of an appeal, which he did.

Because "the Government promptly invoke[d] [Rule 4(b)] in response to a late-filed criminal appeal," and the district court did not abuse its discretion in denying Oguntuyi's motion for an extension of the appeal period, "we must dismiss." *United States v. Oliver*,

4

878 F.3d 120, 123 (4th Cir. 2017).  Accordingly, we grant the Government's motion and dismiss the appeal.\* We deny Oguntuyi's motion to substitute counsel.

This court requires that counsel inform Oguntuyi, in writing, of the right to petition the Supreme Court of the United States for further review.  If Oguntuyi requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Oguntuyi.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*

---

\* Because we conclude that the appeal is untimely, we need not consider whether the appeal is barred by the appellate waiver in Oguntuyi's plea agreement.

5